People of the State of Illinois, Appellee, v. Noel Evrard, Appellant.

Gen. No. 64–65.

Fifth District.

February 10, 1965.

Julius Lucius Echeles, of Chicago, for appellant.

Theodore Van Winkle, State's Attorney, of McLeansboro, and Gerald T. Quindry, Special Assistant Attorney, of Fairfield, for appellee.

GOLDENHERSH, J. The defendant, Noel Evrard was tried by the Court, without a jury, on the statutory charges of rape (Ill Rev Stats 1963, c 38, § 11–1) and taking indecent liberties with a child under the age of 16 years. (Ill Rev Stats 1963, c 38, § 11–4.) The Court found the defendant not guilty on the charge of rape, guilty on the charge of indecent liberties, entered judgment on its findings, and sentenced defendant to imprisonment in the penitentiary for a term of not less than one year nor more than three.

Defendant does not deny the commission of the act upon which the charge of indecent liberties is based. He contended at the trial, and contends here, that he was so intoxicated at the time of the occurrence as to

271

be incapable of forming the specific intent essential to the crime charged. In the alternative, defendant urges that if the judgment of the trial court be affirmed, the sentence imposed is so harsh as to require its reduction by this Court. (Ill Rev Stats 1963, c 38, § 121–9.)

At the time of the occurrence defendant was thirty years of age, married, and the father of two children who resided with him and his wife. He has two children by a prior marriage, and is contributing to their support.

On Friday, September 20, 1963, he worked from 4:00 p. m. to 12:00 p. m. as a shuttle operator at Freeman Coal Co. near Marion, Illinois. He arrived home at approximately 1:00 a. m. on Saturday, September 21, 1963, drank "a couple of beers" and went to bed. His brother came to his home at about 1:30 a. m. and suggested they go fishing. They had several drinks while they discussed the matter and then left defendant's home. Instead of going fishing, they stopped at a night club where defendant drank "five, six or seven" beers. Defendant's brother had a six-pack of beer in his car at the time, and they bought more at the club. Shortly after leaving the club, they stopped at the side of the road and drank all the beer in the car.

At approximately 7:30 a. m. defendant and his brother arrived at the home of Edward Halley, father-in-law of defendant's brother. Mr. Halley offered each of them a glass of wine. Defendant drank both glasses of wine. Defendant testified there was a container of wine in the Halley smoke house, a rubber hose was connected to the container, he sat down, siphoned wine from the container and drank it, and remembers nothing from that time until much later that afternoon.

At about 9:30 a. m. defendant's brother discovered that he was out of cigarettes. Mr. Halley's daughter,

the complaining witness here, then 15 years of age, volunteered to ride her bicycle to the store approximately a half-mile away and get him some. Defendant offered to drive her to the store, and defendant and the complaining witness left in defendant's brother's car.

The record is not too clear as to the sequence of events, but sometime after leaving the Halley home, defendant drove the car into a ditch. Sometime during the morning, and before their return to the Halley home, defendant had sexual intercourse with the complaining witness, however, whether this occurred prior to the car's being driven into the ditch, or while it was in the ditch, cannot be ascertained from the testimony.

 Ch 38, sec 6–3, Ill Rev Stats 1963, provides that a person who is in an intoxicated condition is criminally responsible for his conduct unless his condition of intoxication negatives the existence of a mental state which is an element of the offense. Intent is an essential element of the crime charged. People v. Freedman, 4 Ill2d 414, 123 NE2d 317. A defense based upon section 6–3, (supra) is an affirmative defense. (Ill Rev Stats 1963, c 38, § 6–4.) The defendant having raised the issue of lack of intent, the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense. (Ill Rev Stats 1963, c 38, § 3–2.)

██ ██ This case was tried to the Court without a jury. The Supreme Court has repeatedly stated that the trial judge, as trier of the facts, who saw and heard the witnesses and observed their conduct and demeanor while testifying, is in a better position to determine their credibility and determine the weight to be accorded their testimony, than is the reviewing court. The People v. Sudduth, 14 Ill2d 605, 153 NE2d 557. The record supports the finding of the trial court that

273

the defendant's intoxication was not so great as to exclude his having the specific intent essential to the crime, and under such circumstances we will not substitute our judgment for that of the trial court. The People v. Cozzie, 397 Ill 620, 74 NE2d 685.

We consider now defendant's prayer for reduction of the punishment imposed by the trial court. By legislation approved August 14, 1963, effective January 1, 1964, the General Assembly enacted the Code of Criminal Procedure of 1963. Section 121-9 (Ill Rev Stats 1963, c 38, § 121-9) empowers a reviewing court on appeal to reduce the punishment imposed by the trial court. This provision is new in Illinois, and introduces a substantial change in the law of this State. Prior to the effective date of this legislation, a reviewing court could not reduce a sentence if it fell within the maximum limits set by statute. People v. Calhoun, 22 Ill2d 31, 174 NE2d 166.

Section 1-7 of the Criminal Code of 1961 (Ill Rev Stats 1963, c 38, § 1-7), provides that upon conviction, the court shall determine and impose the penalty in the manner, and subject to the limitations therein imposed. The statutory penalty for the crime of indecent liberties with a child is imprisonment for not less than one year nor more than twenty. (Ill Rev Stats 1963, c 38, § 11-4.) Under the provisions of Section 1-7 (supra) and Section 117-1 (Ill Rev Stats 1963, c 38, § 117-1), this defendant is eligible to be admitted to probation. Confronted with this range of permissible punishment the determination of the penalty to be imposed is extremely difficult. The court must strive to render a judgment which will adequately punish the defendant for his misconduct, safeguard the public from further offenses, and reform and rehabilitate the offender into a useful member of society. In order to select an appropriate sentence, it is essential that the court be in possession of the fullest possible infor-

274

mation concerning the defendant's life and characteristics. The People v. Spann, 20 Ill2d 338, 169 NE2d 781. To that end, the Criminal Code contains the following provisions:

"Mitigation and Aggravation.

"For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense." Ch 38, sec 1–7 (g).

Prior to 1953, the Criminal Code (c 38, § 732) provided that subsequent to a plea of guilty, in all cases where the court possessed any discretion as to the extent of the punishment, "it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." The statutory provisions governing sentence and parole (c 38, § 802) empowered the court to hear evidence as to moral character, life, family, occupation and criminal record of a convicted defendant. By an act approved June 24, 1953, section 732 was amended to include a defendant convicted after a plea of not guilty.

Prior to the adoption of the 1961 Code, the Supreme Court had repeatedly held that the right to a hearing in aggravation or mitigation was personal to the accused, could be, and was waived by failure to request it. The People v. Wakeland, 15 Ill2d 265, 154 NE2d 245.

██ The provisions of Section 1–7(g) above set forth must be considered in the light of the power conferred upon the reviewing court to reduce a sentence. It is essential that a court so empowered have knowledge of the defendant's moral character, life, family, occupation and criminal record. That it was

the legislative intent that this information be obtained in all cases seems apparent from the language, which states that the court *"shall* also hear and receive evidence", but as to its use, the court *"may* consider such evidence." Cooper v. Hinrichs, 10 Ill2d 269, 140 NE2d 293.

Defendant argues that probation would be sufficient punishment, that incarceration in the penitentiary is too severe a penalty since it would cause defendant to lose his employment and earnings, thus visiting extreme hardship on his wife and children. The People urge that imposition of a penalty of a maximum of three years in the face of a possible twenty-year maximum is most lenient. Whether the penalty is lenient or severe cannot be determined from this record, since the Court did not receive evidence as provided in section 1–7(g). A careful review of defendant's testimony indicates remorse and contrition, and the record reflects a statement by the court to the effect that the crime was unfortunate, but not wilful or premeditated. If this defendant is of prior good record it may well be that probation would be adequate punishment and would best effect his rehabilitation. Sections 117–1 and 117–2 (Ill Rev Stats 1963, c 38, §§ 117–1, 117–2), provide for probation in proper cases and the basic rules of conduct to which a probationer must conform. Unless this defendant is incorrigible or has recidivistic tendencies not demonstrated in the record, a carefully supervised period of probation is more likely to result in rehabilitation than is a term in the penitentiary. In the absence of the information which section 1–7(g) is intended to provide, this Court cannot, at this time, say. The judgment of the Circuit Court of Hamilton County is therefore affirmed, with directions to hear and receive evidence as to defendant's moral character, life, family, occupa-

tion and criminal record and thereafter to impose punishment not inconsistent with this opinion.

Affirmed and remanded with directions.

EBERSPACHER, P. J. and MORAN, J., concur.