People of the State of Illinois, Plaintiff-Appellee, v. Richard Lee Mitchell, Defendant-Appellant.

Gen. No. 64–75.

Second District.
March 26, 1965.

Knight, Ingrassia & Schirger, of Rockford (William E. Schirger, of counsel), for appellant.

William R. Nash, State's Attorney, Winnebago County, of Rockford (William H. Snively, Assistant State's Attorney, of counsel), for appellee.

ABRAHAMSON, P. J.

Defendant, Richard Lee Mitchell, was permitted to plead guilty to the offense of armed robbery and, after a hearing on aggravation and mitigation before the Circuit Court of Winnebago County, he was sentenced to be confined to the Illinois State Penitentiary for a period of not less than five nor more than twenty-five years. At all times during these proceedings, defendant was represented by counsel.

Defendants, Richard Lee Mitchell, Danny Lawrence and Paul Eugene Cox, were indicted for having committed the offense of armed robbery by use of a certain

shotgun on or about November 22, 1963. Defendants Mitchell and Lawrence entered guilty pleas. Cox was tried before a jury and found not guilty. Lawrence was sentenced from one to three years and probation was granted on the condition he serve 146 days.

The record before us reveals that the defendant, Richard Lee Mitchell, was 22 years of age at the time the offense was committed. He was first arrested in 1954 at the age of 12 years for the offense of petty theft. He was arrested on numerous other occasions until being sent to the Illinois Youth Commission in 1958 on a charge of burglary and larceny. After receiving parole from the Youth Commission in November of 1958, he committed the offense of assault with intent to rob in February of 1959, and in June of that year was sent to the Illinois State Penitentiary for one to five years. He was paroled in February of 1962. In March of 1963, he was arrested in Portland, Oregon, on a charge of possession of fire arms as a convict.

At the hearing on aggravation and mitigation he admitted that he had planned the armed robbery, here charged with, for a week or two weeks prior to the offense and that he used a sawed-off shotgun in its commission. He stated that he fired the shotgun twice during the course of the robbery, shooting at the store ceiling. He also hit the store manager on the head with the shotgun. A clinical consulting psychologist testified in his behalf, stating that in his opinion the defendant was at the time of the offense, and still was at the time of the hearing, a depressed person, who could be rehabilitated under intensive psychiatric or psychological help.

Defendant in asking this court to review his sentence and to remit the case back to the trial court for resentencing contends:

1. That the proofs disclosed that the defendant was not responsible for his conduct and, therefore, was insane.

2. That prejudicial evidence was introduced by the State at the hearing on aggravation and mitigation.

3. That the trial judge abused his discretion in imposing so severe a sentence.

The defendant did not assert at any time that he was insane until this appeal was taken. He offered the testimony of the clinical consulting psychologist, who concluded that he was mentally disturbed and did not act out of clearness of motives, in mitigation to obtain the understanding and sympathy of the trial judge.

■■ The defendant now contends that the testimony of the psychologist was sufficient to alert the trial court of the issue of insanity and that a duty evolved upon the trial judge to initiate an inquiry into the mental condition of the accused. People v. Motis, 23 Ill2d 556, 179 NE2d 637; People v. Burson, 11 Ill2d 360, 143 NE2d 239. The testimony of the psychologist was offered in mitigation of the offense and to aid the court in a determination of the sentence to be imposed. The clinical findings, after conducting the usual tests, disclosed that the defendant was a person of average intelligence, testing on the lower average range; that he became aggravated when under an emotional disturbance, and that he was impulsive and failed to analyze a situation. The test of sanity at the time of imposing sentence is whether the defendant understands the nature of the charge against him and whether he can cooperate with his counsel. People v. Bender, 20 Ill2d 45, 53, 169 NE2d 328. Resort to the record indicates that at no time did anyone testify in this regard. There is no proof in this record that the conduct of the defendant was a manifestation of in-

sanity. We find no facts in this record which required the trial judge to initiate an insanity hearing. People v. Robinson, 22 Ill2d 162, 174 NE2d 820; People v. Anderson 31 Ill2d 262, 201 NE2d 394.

Next, the defendant complains that the prosecutor introduced evidence of certain arrests without criminal convictions, relying on People v. Riley, 376 Ill 364, 33 NE2d 872, wherein an Assistant State's Attorney read into the record what purported to be a previous criminal record of the defendants, indicating arrests of many years' standing which were not followed by any prosecutions or convictions. The court said these were immaterial matters and the State's Attorney is under a moral duty not to offer anything for consideration which may be of doubtful competency and materiality. The defendant took the stand on his own behalf and testified as to many conflicts with the law commencing in the year 1954 and he stated he had been arrested many times prior to being committed to the Youth Commission in 1958. In cross-examination the State mentioned a violation of parole to which the defendant answered as follows:

"No, I violated the terms of my parole for drinking and I know that there was an arrest made for a charge of reckless driving, which was not prosecuted, which was dismissed."

No evidence of arrests without convictions were introduced by the State other than the admissions of the defendant that he had been arrested prior to being sent to the Youth Commission and that he had been charged with reckless driving, which charge was dismissed. After reviewing the evidence herein and the rules of evidence pertaining to aggravation and mitigation, we find no error in this approach to fully acquainting the court of the criminal record of the defendant. People

v. McWilliams, 348 Ill 333, 336, 180 NE 832, People v. Popescue, 345 Ill 142, 152, 177 NE 739.

In addition, the defendant complained of certain prejudicial photographs contending that they were admitted into evidence. The photographs were the result of the defendant's 1959 crime of assault with intent to rob. At the time the trial judge stated that he did not want to see the pictures and there is nothing in this record to indicate they were admitted into evidence or that the trial judge saw them. We cannot conclude from this that the trial judge was influenced or prejudiced against the defendant.

Finally, the defendant alleges the trial court abused its discretion in sentencing the defendant to the penitentiary for a period of not less than five nor more than twenty-five years. The penalty for armed robbery is that the defendant shall be imprisoned in the penitentiary for any indeterminate term for a minimum of not less than one year. Ill Rev Stats 1963, c 38, § 18–2. The general rule is, that within the limits prescribed by law, the trial court and not the reviewing court has the power to determine what the sentence shall be and in the absence of a clear abuse of discretion the reviewing court will not interfere with the trial court's judgment. The fact that one of the defendant's accomplices in the crime received a lesser sentence does not indicate an abuse of discretion or discrimination against the defendant. People v. Pulaski, 15 Ill2d 291, 155 NE2d 29. We do not find under all of the circumstances any abuse of discretion nor discrimination against the defendant in imposing the sentence.

Judgment affirmed.

MORAN and DAVIS, JJ., concur.