People of the State of Illinois, Plaintiff-Appellee, v. James A. Brown and Willie A. Garrett, Defendant-Appellants.

Gen. Nos. 49,835, 49,839.

First District, Second Division.

June 22, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul A. O'Malley, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a conviction of defendants, James A. Brown and Willie A. Garrett, for the crime of armed robbery, and sentence in the Illinois State Penitentiary for a minimum of 15 years and a maximum of 20 years. Defendants waived a jury.

Mrs. Anna McKenzie testified that she operated a rooming house located at 1166 North LaSalle Street, Chicago, Illinois; that defendants, sometime during the week prior to August 30, 1963, rented a room located on the same floor as her apartment; that on August 30, 1963, defendants, on the pretext that there was a gas leak in their room, called Mrs. McKenzie to make an inspection; that as Mrs. McKenzie entered their room, both defendants placed a pillow over her mouth and bound her hands; that as a result of their actions, she lost consciousness for approximately 2 to 3 hours; that after regaining consciousness, she discovered the keys to her apartment missing and $24,000 taken therefrom. Mrs. McKenzie identified a photograph of defendant Garrett several days following the robbery and positively identified both Garrett and Brown at the trial.

Officer James Brodie testified that defendant Brown was apprehended by the authorities in Cincinnati, Ohio and extradited to Chicago on March 5, 1964 and that defendant Garrett was apprehended in Mobile, Alabama and extradited to Chicago on March 9, 1964. Brodie further testified that Brown and Garrett made oral confessions to him in the presence of Officer James Benson upon their respective extradition returns to Chicago and that each of the defendants gave signed, written confessions shortly after their arrival in Chicago. Although defendants admitted the robbery of Mrs. McKenzie, they refused to divulge where they had secreted the balance of the stolen money. Garrett explained he wasn't concerned about his pun-

ishment since the balance of the money taken from Mrs. McKenzie would still be available to him upon the termination of his sentence. At the close of the People's case, defendants' motions for directed findings of not guilty were denied and defendants rested without putting on any evidence.

Defendants' sole contention is that the sentences of 15 years to 20 years for armed robbery, imposed upon each of the defendants, were excessive and contrary to the philosophy of rehabilitation.

The People's position is that when all the attendant uncontradicted facts and circumstances are considered, including the nature of the offense, the evident careful plan, defendants putting a pillow in woman victim's mouth, her losing consciousness for two hours, the character of the offenders, their ages (Garrett, 27, Brown 27); defendants' refusal to return the proceeds of the robbery, although given every opportunity to do so when examined and the fact that the punishment imposed upon defendants was within the statutory limits of punishment prescribed by law, it is clear that the trial court acted in the interest of justice.

■ We agree with defendants' contention that the purpose of modern-day penology is the rehabilitation of the offender. The sentence to be imposed is that which has the greatest potential of restoring the offender to a useful and productive place in society. At the same time, however, the public must be protected.

The legislature has granted the Appellate Court the power to reduce sentences in proper cases by enacting section 121–9(b)(4) of the Criminal Code. Ill Rev Stats (1963), chap 38, par 121–9(b)(4). Defendants argue that this is a new power never before possessed by the courts and that the legislature, by allowing the courts to impose maximum and minimum sentences, intended the court to impose the lowest possible minimum sentence for the crime committed. Defendants contend that the 15 year minimum imposed by the trial

court should be reduced to the statutory minimum, or close to it so that the parole authorities will have an opportunity to determine when defendants have been rehabilitated sufficiently to re-enter society.

■ It is generally true that rehabilitation is best achieved under a system which gives great discretion to the parole authorities. The legislature, however, has also determined that the courts have a hand in any determination pertaining to a defendant's rehabilitation. This was accomplished by implication when the legislature gave the trial court the power to impose varying maximum and minimum measures of punishment within the maximum and minimum sentences prescribed by statute. If the members of the legislature wanted to make the Parole Board the only agency capable of determining when a criminal has been rehabilitated, they would have made it compulsory for the trial court to impose a minimum sentence. The legislature has not done this. We hold, therefore, that the decision of a trial court imposing a minimum sentence on a defendant in excess of the statutory minimum will be upheld, unless there is a clear abuse of discretion manifested from the entire record. Cf. People v. Hobbs, 56 Ill App2d 93, 205 NE2d 503.

■ Defendants, in the instant case, argue they have no substantial criminal record, and that the sentence of the lower court was a clear abuse of discretion. We disagree with defendants. In the hearing on aggravation and mitigation the court gave the defendants ample opportunity to achieve, discuss or make restitution, but met with no cooperation. There appeared to be a lack of contriteness. There was no abuse of discretion in imposing sentence. Therefore, the judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.