**People of the State of Illinois, Plaintiff-Appellee, v. Lewis Eugene Haynes, Defendant-Appellant.**

**Gen. No. 10,657.**

Fourth District.

July 17, 1966.

Rehearing denied July 29, 1966.

William L. Fay, of Jacksonville, for appellant.

Charles J. Ryan, State's Attorney of Morgan County, of Jacksonville, for appellee.

SMITH, J.

Defendant appeals from a sentence of 5–14 years on a plea of guilty to the crime of forgery. In this court, defendant asserts the following errors: (a) That the indictment is fatally defective; (b) that the trial court should not have accepted a plea of guilty without determining defendant's mental competence, and (c) the punishment is excessive.

 The indictment is said to be fatally defective because it does not comply with article VI, § 33, of the Constitution of 1870 requiring that all process shall begin "In the name and by the authority of the People of the State of Illinois," and conclude "Against the peace and dignity of the same." It is urged that the new Judicial Article, effective January 1, 1964, did not expressly repeal § 33 of the old; that the latter therefore remains in full force and effect, and that our Supreme Court in Parris v. People, 76 Ill 274, held it fatally defective to an indictment to omit this language. We repudiated this argument in People v. Hemphill, 71 Ill App2d 146, 217 NE2d 17, opinion filed June 6, 1966, and adhere to the conclusion and the views expressed therein that old article VI of the Constitution of 1870 has been supplanted by the new Judicial Code in toto as new article VI.

 The indictment to which the defendant pleaded guilty reads as follows:

"That on the 10th day of October 1964, in Morgan County, Illinois, Lewis E. Haynes committed the offense of forgery in that he did, with intent to defraud, knowingly issue or deliver to John H. Steele a certain check, a document apparently capable of defrauding another, drawn on the Farmers State Bank & Trust Company of Jacksonville, Illinois, in

86

the sum of $45.00, knowing said check to be forged in such manner that it purported to have been made by Leslie Hubert Boots, in violation of Chapter 38, Paragraph 17–3, Illinois Revised Statutes 1963."

Neither a motion to quash nor a motion in arrest of judgment was directed to this indictment in the trial court. It is here urged that there is no allegation that Leslie Hubert Boots is a living person, that such an allegation and proof was required under the old law (see People v. Gould, 347 Ill 298, 179 NE 848, and People v. Meeks, 55 Ill App2d 437, 205 NE2d 62) to sustain a conviction for forgery and, since the drafters of our new Criminal Code stated they were only codifying the existing law, a like requirement now obtains. This conclusion does not follow. In Gould and in Meeks, the courts were discussing the difference between forgery and fictitious paper, which were then covered by different sections of the Criminal Code, imposed different sentences, and were treated as separate and distinct offenses. Our new Code, Ill Rev Stats c 38, ¶ 17–3, incorporates all forms of forgery into a single crime. This we noted in Meeks and there stated that the problem in Meeks would not have arisen under our new Code. The indictment is here couched in the language of the statute—a practice long since approved—and the complaint now leveled against it might well have been resolved by a bill of particulars if deemed necessary or desirable for a proper defense. In this manner the requirement of due process is adequately served.

██ The issue as to mental capacity arises from the questioning of the court during arraignment. It appears that the defendant had been a voluntary patient at Jacksonville State Hospital some 3–3½ months before. The court then asked: "And you have been discharged and you have no mental problem at the present time, is that correct?" Defendant answered, "No." Admittedly this

answer is somewhat ambiguous. The court evidently took this to mean that he had no mental problems now. Should this have triggered further initiatory inquiry on the part of the court? We think not. Neither the trial court, the State's Attorney, the public defender, the parole officers nor the defendant himself ever raised the issue of defendant's insanity at the time of the commission of the crime or of his competency during his three appearances in open court. We should, we think, credit each of them with at least a minimal understanding of their responsibilities and duties. The record further discloses a defendant with an 8th-grade education, a 2½ month work record prior to arraignment, a self-written summary of his life disclosing a problem with alcohol, but employing a lucid, precise, articulate and commendable style and a remarkable understanding of his predicament and problem. In our judgment, this record falls far short of raising a bona fide doubt of the mental capacity of the defendant and is clearly insufficient to require the trial court to initiate a sanity hearing. People v. Shrake, 25 Ill2d 141, 182 NE2d 754; People v. Harper, 31 Ill2d 51, 198 NE2d 825; People v. Motis, 23 Ill2d 556, 179 NE2d 637; People v. Mitchell, 57 Ill App 2d 238, 205 NE2d 655.

It is urged that the sentence of 5–14 years is unduly harsh and severe where only $45 is involved and the sentence as to maximum is the limit allowed by statute. Ill Rev Stats c 38, ¶ 17–3, and the minimum is well above the one-year lower limit. In his statement, the defendant said: "I have never done anything vicious or mean and yet I've spent half my life behind bars." This is amply supported by a record showing the following:

| 1942 | Larceny | 60 days |
| 1942 | Forgery | 1–14 years |

| 1944 | Paroled in January—1 year |
|---|---|
| | Larceny in April |
| 1945 | Returned as a parole violator |
| 1946 | Paroled |
| 1948 | Forgery 1–14 years |
| 1954 | Discharged |
| 1955 | Forgery 2 years |
| 1957 | Forgery 2–10 years |
| 1962 | Paroled |
| 1963 | Returned as a parole violator |
| 1964 | Discharged from parole |
| 1964 | October—arrested for this offense |

We recognize without question that reformation and rehabilitation of offenders must ever be a benign goal and purpose of criminal jurisprudence and that the courts should aid society to appropriately achieve these objectives to the end that offenders may be returned to society as useful citizens. This, however, presupposes the desire, the ability and the willingness of the offender to reform and to rehabilitate. The record before us leaves a cloud of real doubt. Society has tried. It would seem that the defendant has not. Society now is entitled to some protection without depriving the defendant of a reasonable opportunity to rehabilitate and return to society if he cares to do so. We see no violation of article II § 11 of our Constitution which requires that all penalties shall be proportionate to the nature of the offense nor do we think that we should disturb the judgment of the trial court. People v. Taylor, 33 Ill2d 417, 211 NE 2d 673. For these reasons, the judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.