**People of the State of Illinois, Plaintiff-Appellee, v. Gary V. Lillie, Defendant-Appellant.**

**Gen. No. 66–31.**

**Fifth District.**

February 10, 1967.

Gary V. Lillie, pro se, appellant.

No brief filed for appellee.

PER CURIAM:

In a prior appeal,[1] this court affirmed the judgment of the Circuit Court of Saline County finding the defendant guilty of violation of the conditions of his probation, and remanded the cause for further proceedings. In compliance with the directions of this court, the circuit court vacated the sentence imposed on the defendant, conducted a hearing in aggravation and mitigation, and upon conclusion of the hearing, imposed a sentence of not less than 12 years nor more than 18 years. This appeal followed.

Defendant, appearing pro se, argues that the sentence imposed is far more severe than is warranted by the record, and contends that this court should reduce it to the time already served.

■ ■ It is unfortunate that the State's Attorney has not seen fit to file a brief in this cause. The failure

---

[1] People v. Mitchell and Lillie, 67 Ill App2d 124, 214 NE2d 129.

of a State's Attorney to file a brief places an undue burden on the reviewing court, in that it makes it necessary to review the record and the applicable law without the benefit of his assistance. In an appeal in a civil matter, we might invoke the rule that failure on the part of an appellee to file a brief warrants reversal of the judgment without a review on the merits, but obviously this is not the solution to the problem that arises in a case where an appellant has been convicted of a felony, since society, unlike a litigant represented by counsel of his selection, should not suffer the penalty of setting at large a convicted felon, because a public official has failed to perform a service to which The People are entitled.

The evidence adduced at the hearing in aggravation and mitigation shows that on January 16, 1962, in the Circuit Court of Massac County, defendant, then 23 years of age, pleaded guilty to the offense of burglary and larceny, and was sentenced to the penitentiary for a term of not less than 1 nor more than 3 years.

Edgar Bramer testified that on January 12, 1962, he was called to the office of the State's Attorney of Massac County, that defendant, defendant's father and an attorney were there, and restitution was made of property previously taken in a burglary at Bramer's home.

William Boyd testified that his home was burglarized twice in 1961, and an attorney, representing defendant, made restitution of the money, and a television set, stolen on those occasions.

Otis Baker testified that he was paid $170 in restitution of money taken in a burglary at his home on November 28, 1961.

James Gowins testified that on October 28, 1961, he, in the company of defendant and two other men, burglarized a house in Metropolis.

James Williams, a police officer at Cairo, testified that on September 24, 1964, he arrested defendant, and two other men, on a charge of disorderly conduct. The record of the disposition of the charge is not in evidence, but the witness thought defendant was fined $34.

George Adams testified that on December 29, 1964, he was a police officer at Brookport, that he charged defendant with reckless driving but did not know what disposition was made of the charge.

A girl, under the age of 16, testified that on January 1, 1965, she had sexual intercourse with defendant in a motel at Metropolis.

The chronology of events relative to imposing sentence on this defendant, is that in April of 1964, after a plea of guilty to the charge of burglary, the State's Attorney joined with defense counsel in recommending that he be admitted to probation. Approximately one year later, probation was revoked, and a sentence of not less than 15 nor more than 20 years was imposed. After a hearing in aggravation and mitigation, held in accordance with the remanding order of this court, during which hearing the above testimony was adduced, the court imposed a sentence of not less than 12 nor more than 18 years.

■ This court is cognizant of the Supreme Court's admonition in People v. Taylor, 33 Ill2d 417, 211 NE2d 673, that the power granted reviewing courts to reduce sentences is to be applied with considerable caution and circumspection. We are, however, also aware of the constitutional provision that all penalties shall be proportioned to the nature of the offense (Article II, Section 11, Constitution of Illinois), and what purposes, hopefully, are to be achieved by the imposition of punishment for a criminal offense. People v. Brown, 60 Ill App2d 447, 208 NE2d 629; People v. Evrard, 55 Ill App2d 270, 204 NE2d 777.

"It is generally true that rehabilitation is best achieved under a system which gives great discretion to the parole authorities." People v. Brown (supra).

It is also true that the courts, by exercise of the power to fix minimum and maximum punishments within the limits provided by the Criminal Code, share with the parole authorities the responsibility for appropriate and effective implementation of the penal statutes.

In People v. Taylor (supra), the Supreme Court stated that the trial judge, ordinarily, has a superior opportunity to make a sound determination concerning punishment than does the reviewing court. Neither tribunal, however, is possessed of prescience, and since the judicial function terminates upon the judgment's becoming final, the Parole and Pardon Board is the only governmental agency in a position to observe and determine to what extent incarceration has achieved rehabilitation.

■ ■ The purposes sought to be achieved by the imposition of sentence are adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. People v. Brown (supra), People v. Evrard (supra). Adequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation.

■■■ In our opinion, the record does not warrant imposition of a minimum sentence of 12 years. The only violations of probation shown by the evidence, with one exception, are misdemeanors. With regard to the alleged sexual offense, if the defendant is guilty, punishment should be imposed after conviction on that charge, and not by indirection, in this proceeding. Nor should punishment be here imposed for offenses allegedly committed prior to defendant's being sentenced in 1962, and prior to his being admitted to probation. These past

178

offenses are relevant to the matter of rehabilitation, and are properly to be considered by the court in fixing the maximum penalty, but not the minimum.

Advances in the fields of psychology, psychiatry and sociology have contributed to a greater understanding of the motives underlying the commission of criminal offenses, and the techniques and methods which are of value in the rehabilitation of offenders. The hope of earlier release is a great incentive to a prisoner to participate in the educational and rehabilitation programs provided in modern penal institutions. Excessive minimum sentences, imposed by the courts, may defeat the effectiveness of the parole system by making mandatory the incarceration of a prisoner long after effective rehabilitation has been accomplished.

Inherent in the parole system is the risk of recidivism, but an enlightened society has long since rejected the medieval concept of punishment which imposed the death penalty for crimes now categorized as petty offenses. Society's safeguard against recidivism is the power of the parole authorities to terminate the conditional release and return the offender to prison. A lengthy maximum sentence is not so likely to impede the operation of the system because the prisoner, although subject to parole supervision, is not mandatorily confined.

Based on the record before us, we conclude that a minimum sentence of 5 years is adequate and will better achieve the purpose for which the sentence is imposed. Since as above stated, we cannot predict with accuracy the progress of this defendant's rehabilitation, we do not modify the maximum sentence imposed.

As stated by the Appellate Court in People v. Haynes, 73 Ill App2d 85, 218 NE2d 489, "Society now is entitled to some protection without depriving the defendant of a reasonable opportunity to rehabilitate and return to society if he cares so to do."

For the reasons herein set forth, the judgment and sentence of the Circuit Court of Saline County are modified to provide that the sentence imposed on defendant be confinement in the penitentiary for a term of not less than 5 nor more than 18 years, and as so modified, the judgment is affirmed.

Judgment modified, and as modified, affirmed.