## People of the State of Illinois, Plaintiff-Appellee, v. Kenneth E. Davis, Defendant-Appellant.

### Gen. No. 11,011.

Fourth District.

June 16, 1969.

John Narmont, of Springfield, for appellant.

Richard A. Hollis, State's Attorney of Sangamon County, of Springfield (Lawrence Swinyer, Assistant State's Attorney, of counsel), for appellee.

TRAPP, P. J.

Defendant appeals from an order revoking probation which had been granted upon his plea of guilty to a charge of forgery. Sentence of not less than three nor more than twelve years was imposed.

The petition to revoke alleged violation of probation in that defendant forged a check within the statutory definition of c 38, § 17–3(a), Ill Rev Stats (1967); that he had failed to make restitution and pay court costs as required by the probation order, and that defendant used intoxicating liquors and was associated with known criminals in violation of the terms of probation.

In imposing sentence, the trial court considered the evidence at the revocation proceedings, together with the evidence in mitigation and aggravation given at the probation hearing. The latter evidence has not been incorporated in the excerpts in the record filed in this Court. The defendant waived further evidence in litigation.

Defendant contends that there was a failure to prove violation of the probation order by a preponderance of the evidence; that there is no substantial evidence that defendant was guilty of forgery as charged in the petition to revoke; that the defendant is wrongfully punished for alleged crimes subsequently committed, and in the

279

■

alternative, that the sentence should be reduced as being unmeritedly stringent.

■ In this record it is admitted that defendant failed to complete the restitution, and to pay required court costs, although by his own statements, he was employed for a substantial period at a job which he described as "well paid." It is admitted that he purchased intoxicating liquor and was in a tavern in violation of the terms of his probation. He offered certain explanations, but the trial court was not persuaded of the validity of such. Nothing compels a finding of error.

Defendant testified upon the charge of forgery allegedly committed subsequent to the probation order. Except for a change of date, the instrument in evidence upon the probation hearing was of the same quality and nature as those introduced upon the original charge, i. e., an instrument drawn upon an out-of-state bank purporting to be the check of a construction company in the sum of $123.60. Defendant denied that the endorsement of his name upon the check was in his handwriting. He undertook to explain that following his release upon probation he found a "stack" of such checks so made out in his baggage, and threw them in a drawer in a room in which he was then staying, and thought no more of them until he learned that they were being cashed. He thereupon went to the probation officer who advised him to report to the police. One Harold Davis, not of kin but a close associate, was also charged with forgery in connection with the latter checks. After consulting counsel, Harold Davis chose to testify upon this hearing to the effect that the defendant gave him two checks, on different occasions, to be cashed. He testified that the first check was given to him in payment for money owed by the defendant, and that upon the second occasion defendant told him that the check was no good and that the defendant would soon leave the State.

280

■ The contention that the prosecution failed to prove the subsequent forgery by a preponderance of the evidence can only be sustained by the literal acceptance of defendant's statements. The trial court averred that he could not accept such explanations as true. There is nothing presented which makes it apparent to this Court that the trial court erred in assessing the credibility of the witnesses.

■ Defendant urges that the sentence is excessive in the light of the opinion in People v. Lillie, 79 Ill App2d 174; 223 NE2d 716. In that case the minimum sentence upon a charge of burglary was a term of twelve years. Here, the minimum is a term of three years upon a record which discloses a professional pattern designed for the issuance of a large number of forged checks. The trial judge has a superior opportunity to make a sound determination of a minimum sentence. The People v. Taylor, 33 Ill2d 417, 211 NE2d 673.

The order and judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.