THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY CONNER, Defendant-Appellant.

(No. 70-37; 

Fifth District—April 1, 1971.

Morton Zwick, of Defender Project, of Chicago, (Frederick F. Cohn, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant was indicted along with two other defendants for the offense of armed robbery in violation of Ill. Rev. Stat. 1969, ch. 38, par. 18—2. Defendant pleaded not guilty at the arraignment and asserting a great deal of adverse publicity, moved for a change of venue which was denied. Thereafter, defendant appeared with his attorney and changed his plea to guilty and requested probation. The trial court accepted the plea, denied the request for probation, and sentenced the defendant to five to ten years in the Illinois State Penitentiary. Defendant appeals, contending that the trial court erred in failing to properly admonish the defendant as to the consequences of his plea and in denying defendant's request for probation and entering an excessive sentence.

The record discloses that at the hearing at which the guilty plea was entered, the court advised the defendant as follows:

"THE COURT: Well, I am sure your attorney has informed you as to your rights in this matter, and also the possible consequences of your plea of guilty, but it is also the duty of the Court at this time to inform you that under the Constitution and Laws of the State of Illinois you are entitled to trial by jury, to representation by counsel, to be confronted by witnesses who testify against you, and that you cannot be found guilty until you have been so found by the verdict of the jury of twelve jurors residing in this County; do you understand that?

THE DEFENDANT: Yes.

THE COURT: You must also understand on your plea of guilty, that the Court can adjudge you guilty of the crime of Armed Robbery, as alleged in the indictment, and could sentence you to indeterminate term in the Illinois State Penitentiary, of not less than one year, and for as many more years as the Court sees fit to impose upon you; do you understand?

THE DEFENDANT: Yes.

THE COURT: The Court sets the minimum and maximum. In other words, I could give you one to five, eight to ten, anything from one on up; do you understand that?

THE DEFENDANT: Yes."

■■ Defendant first contends that the admonishment as to the sentence which could be imposed does not comply with the requirements of *People v. Terry*, 44 Ill.2d 38 and *People v. Medley*, 122 Ill.App.2d 279. However, in this case, in addition to stating that defendant could be sentenced to an indeterminate term of not less than one year and for as many more years as the court sees fit to impose, which was held inadequate in those cases, the trial court further stated that it would set the minimum and maximum and gave specific examples of possible sentences and the sentence actually imposed was within the limits of those examples explained to defendant. Therefore, we believe that defendant was properly admonished in this regard.

The record further discloses that the court's admonishment to the defendant and to the consequences of his plea were in compliance with Ill. Rev. Stat. 1969, ch. 38, par. 115–2 and Supreme Court Rule 401 (Ill. Rev. Stat. 1969, ch. 110A, par. 401) and demonstrates that defendant understandingly and voluntarily entered a plea of guilty.

Defendant next contends that the minimum sentence imposed is excessive in light of the facts and circumstances of the case and is inconsistent with the theory of sentencing in Illinois. As we stated in *People v. Lillie*, 79 Ill.App.2d 174 at 177–78:

"This court is cognizant of the Supreme Court's admonition in *People*

*v. Taylor*, 33 Ill.2d 417, 211, N.E.2d 673, that the power granted reviewing courts to reduce sentences is to be applied with considerable caution and circumspection. We are, however, also aware of the constitutional provision that all penalties shall be proportioned to the nature of the offense (Article II, Section 11, Constitution of Illinois), and what purposes, hopefully, are to be achieved by the imposition of punishment for a criminal offense. *People v. Brown*, 60 Ill.App.2d 447, 208 N.E.2d 629; *People v. Evrard*, 55 Ill.App.2d 270, 204 N.E.2d 777.

'It is generally true that rehabilitation is best achieved under a system which gives great discretion to the parole authorities.' *People v. Brown, supra.*

It is also true that the courts, by exercise of the power to fix minimum and maximum punishments within the limits provided by the Criminal Code, share with the parole authorities the responsibility for appropriate and effective implementation of the penal statutes.

\* \* \*

The purposes sought to be achieved by the imposition of sentence are adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. *People v. Brown, supra, People v. Evard, supra.* Adequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation."

We do not believe the record warrants the imposition of a minimum sentence of five years. At the hearing on application for probation the defendant testified that he was 18 at the time this crime was committed. Only July 9, 1969, the day the crime was committed, he met the other two persons involved in the afternoon. He was hoping for a ride home but they rode around for about four hours. He was not armed when he got into the car. He did have a gun when he went into the bakery. It was someone else's idea to rob someplace, but he thinks he picked the bakery. They had looked at several places and he stated that the bakery shop "looked easy." The gun he had was a .38 and it was not loaded. During the course of the robbery one of the other robbers committed rape upon the woman clerk in the presence of the defendant and the other robber. Defendant testified that should probation be granted, he had made arrangements to get his old job working for a tree service back and that his employer knew about this offense.

The probation officer testified that defendant was not a bad or vicious person, that he could find nothing but two arrests for minor liquor violations and that he was surprised to find that defendant had not been recommended for probation because he thought defendant might be considered

for probation. When he interviewed the defendant he felt that he was retarded to a limited extent and possibly they could have taken him under consideration for probation.

Defendant's father testified that defendant's old employer would give him his job back should probation be granted and that the family had made arrangements to move from their neighborhood where they had been for ten years to a better neighborhood, and defendant's mother who works full time testified that she was willing to quit working and stay home to help her son.

From this record we note particularly the age of the defendant, the comments of the probation officer who interviewed him, the lack of a prior felony record, the fact that a job would have been available to the defendant, and the testimony of the defendant's parents demonstrating their willingness to help in his rehabilitation. With regard to the nature of the crime as it affects the punishment of the offender, we agree with the comment in the American Bar Association Standards Relating to Sentencing, Alternatives and Procedures, Approved Draft, 1968, at page 148:

"The Advisory Committee holds no sympathy for the offender who poses a significant public danger and is just as anxious as anyone else to get him off the streets for a period of time sufficient to neutralize the danger. This position does not and should not lead to the conclusion that offenders that do not pose such a danger should be committed for a substantial period of time because the offense they committed happens to be one that is often committed by dangerous peoole."

■■ Based on this record we conclude that a minimum sentence of two years will better serve the purposes sought to be achieved by the imposition of sentence, but we do not modify the maximum sentence imposed. In this matter, as stated in *People v. Hayes,* 73 Ill.App.2d 85, "society now is entitled to some protection without depriving defendant of a reasonable opportunity to rehabilitate and return to society if he cares to do so."

Accordingly, the judgment and sentence of the Circuit Court of St. Clair County are modified to provide that the sentence imposed on defendant be confinement in the penitentiary for a term of not less than two nor more than ten years and as so modified, the judgment is affirmed.

Judgment modified, and as modified, affirmed.

EBERSPACHER and HUNT, JJ., concur.