The People of the State of Illinois, Plaintiff-Appellee, *v.* Leonard Higgins, Defendant-Appellant.

(No. 70-83;

Fifth District—April 9, 1971.

Morton Zwick, of Defender Project, of Chicago, (Frederick F. Cohn, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Defendant, Leonard Higgins, was found guilty in a jury trial in the Circuit Court of St. Clair County of the crime of burglary in violation of Ill. Rev. Stat. 1969, ch. 38, sec. 19—1, and sentenced to a term of three to ten years in the Illinois State Penitentiary. He appeals.

Ann Jordan of East St. Louis, Illinois, testified that during the day of November 4, 1969, her home was broken into and numerous articles including a color television set, stereo, electric clock, phonograph records, shoes and a coat were stolen. A juvenile, Thomas Mosely, and one Grover, both testified that they committed the burglary and that the defendant participated in it with them. Two days after the burglary complainant was called by the police to identify her stereo at the home of Grover. Defendant was there in the custody of the police. Ann Jordan testified that at that time defendant told her that he had bought a coat and shoes and that he would go to his house to get them and return them to her. The police and complainant went to the home of defendant where

he produced the coat and shoes belonging to complainant. He had none of the other articles which had been stolen. Defendant testified in his own behalf that he had not participated in the burglary but that he had purchased these articles from Grover.

■■ Defendant contends that the statements made by him to complainant and the arresting officers concerning the shoes and clothing were inadmissible at trial because the record does not disclose that defendant was warned of his rights as required by *Miranda v. Arizona*, 384 U.S. 436. No objection was made to the testimony of complainant, nor was a motion to suppress made by defendant's counsel, and therefore this failure to object constitutes a waiver (*People v. Routt*, 100 Ill.App.2d 388), and we do not recognize this allegation of error under the plain-error doctrine (Supreme Court Rule 615), since, in view of defendant's testimony, this testimony by complainant was not prejudicial.

Defendant next contends that the sentence of three to ten years under the circumstances of this case is excessive and that defendant should have received probation, or in the alternative that the minimum sentence should be reduced, relying on *People v. Freeman*, 113 Ill.App.2d 7; *People v. Jones*, 92 Ill.App.2d 124; *People v. Lillie*, 79 Ill.App.2d 174.

The State argues that "at sentencing, the court observed that the defendant had not been honest and had lied on the witness stand. The statement of the trial judge left no doubt that the court believed that the defendant perjured himself in order to extricate himself from the crime." This type of statement by the trial court was held to be improper in the recent case of *People v. White*, 130 Ill.App.2d 775, 267 N.E.2d 129.

No probationary report was introduced nor was probation requested and the defendant waived his hearing in aggravation and mitigation. The record does show that the defendant is 22 years of age, married and employed. He had dropped out of high school but returned to night school and obtained the GSD diploma, equivalent to a high school diploma. This was defendant's first offense and this crime did not involve an act of violence. As we stated in *People v. Lillie, supra*, at 177—78:

> "This court is cognizant of the Supreme Court's admonition in *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, that the power granted reviewing courts to reduce sentences is to be applied with considerable caution and circumspection. We are, however, also aware of the constitutional provision that all penalties shall be proportioned to the nature of the offense (Article II, Section 11, Constitution of Illinois), and what purposes, hopefully, are to be achieved by the imposition of punishment for a criminal offense, *People v. Brown*, 60 Ill.App.2d 447, 208 N.E.2d 629; *People v. Evrard*, 55 Ill.App.2d 270, 204 N.E.2d 777.

'It is generally true that rehabilitation is best achieved under a system which gives great discretion to the parole authorities.' *People v. Brown, supra.*

It is also true that the courts, by exercise of the power to fix minimum and maximum punishments within the limits provided by the Criminal Code, share with the parole authorities the responsibility for appropriate and effective implementation of the penal statutes.

\* \* \*

The purposes sought to be achieved by the imposition of sentence are adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. *People v. Brown, supra, People v. Evrard, supra.* Adequacy of the punishment should determine the minimum sentence with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation."

■■ In view of these purposes we regard this case as one appropriate for imposition of a minimum sentence, noting particularly that defendant had no prior record, that he was gainfully employed, that he had shown a propensity to secure an education and that no violence was involved in this crime, and based on this record, we conclude that a minimum sentence of one year will better serve these purposes, but we do not modify the maximum sentence imposed.

Accordingly, the judgment and sentence of the Circuit Court of St. Clair County are modified to provide that the sentence imposed on the defendant be confinement in the penitentiary for a term of not less than one year nor more than ten years and as so modified, the judgment is affirmed.

Judgment modified, and as modified affirmed.