THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLENT JORDAN, Defendant-Appellant.

(No. 70-95; 

Fifth District—July 16, 1971.

Morton Zwick, of Defender Project, of Chicago, (Norman Fishman, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Kenneth J. Juen, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Clent Jordan, was charged by indictment with the crime of armed robbery, the offense allegedly having been committed on July 9, 1969. The defendant offered a plea of guilty to the court at a hearing held on December 11, 1969. The court accepted the plea, entered judgment thereon and sentenced him to the Illinois State Penitentiary for the term of from five to ten years.

At the time of the guilty plea, the defendant was given the following admonition:

894

"Well, I am quite sure your attorney, Mr. Hoban, has clearly and in detail informed you as to your rights in this matter, and the possible consequences of your plea of guilty, but it is also the duty of this Court at this time to inform you that under the Constitution and Laws of the State of Illinois, you are entitled to trial by jury, to representation by counsel, to be confronted by witnesses who testify against you, and that you cannot be found guilty until you have been so found by the jury of twelve jurors residing in this County. You must also understand on your plea of guilty the Court can adjudge you guilty of the crime of Armed Robbery as alleged in this indictment, and could sentence you to an indeterminate term in the Illinois State Penitentiary, of not less than one year or for as many more years as the Court may see fit to impose upon you, the Court setting the minimum and maximum term of such sentence; do you understand that?"

The defendant urges that a plea of guilty can only be entered after the defendant has been advised by the court of his rights and consequences of his plea. It is the defendant's contention that by incorrectly stating the minimum sentence that can be imposed the court has failed to adequately advise the defendant of the consequences of the guilty plea. By amendment effective August 3, 1967, the penalty for conviction of armed robbery provides for a minimum sentence of two years and not one. Chapter 38, Section 18—2(6), Illinois Revised Statutes.

The required procedure at the time of the defendant's guilty plea was set forth in Chapter 38, Section 115—2 of the Criminal Code.

"(a) Before or during a trial a plea of guilty may be accepted when:

1) The defendant enters a plea of guilty in the court.

2) The court has informed the defendant of the consequences of his plea and the *maximum* penalty provided by law which may be imposed upon acceptance of such plea." (Emphasis ours.)

The procedure in effect at the time of these proceedings was stated in Rule 401(b) of the Supreme Court: [1]

"(b) Procedure on Plea or Waiver.

The court shall not permit a plea of guilty by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from the proceedings had in open court at the time the waiver is sought to be made or plea of guilty entered or both as the case may be,

---

[1] The rule presently in effect is Supreme Court Rule 402(a)(2) which requires admonition of both the minimum and maximum sentence.

that the accused understands the nature of the charge against him, and the consequences thereof if found guilty. The inquiries of the court, and the answers of the accused to determine whether he understands his rights and comprehends the nature of the crime with which he is charged and the punishment thereof fixed by Law, shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common law record in the case."

We must examine whether the defendant had a full comprehension of the consequences of his pleading guilty. In open court, before the plea was accepted, the defendant's attorney stated "Heretofore he (the defendant) has entered a plea of not guilty to the charge of Armed Robbery. I have discussed this matter with him, and have explained his rights fully to him in the presence of his parents * * *."

The Supreme Court has stated in *Krolage v. People*, 224 Ill. 456:

"The plea can only be entered after the defendant has been fully advised by the Court of his rights and consequences of his plea * * *. The mere inquiry whether he understood that if he pleaded guilty the Court would sentence him to the penitentiary, and his answering that he did understand, was no explanation whatever on behalf of the Court."

We think that in the present case that there was far more than a mere inquiry if he understood. The defendant had counsel and was advised by him and was thoroughly interrogated by the court and we believe, further, that the defendant was aware of the consequences of his plea. He had pled not guilty and, subsequently, voluntarily entered the plea of guilty. As stated in *People v. Contopoulis*, 26 Ill.2d 388: "The object of the admonishment is to inform the defendant of the consequences of his plea of guilty and to give him the right to withdraw his plea of guilty if, after hearing the consequences, he desires to be tried by a jury. *People v. Wilke*, 390 Ill. 598".

The requirement existing at the time of this trial as stated above in Chapter 38, Section 115—2 is quite specific in that the defendant must have had fully explained by the court the consequences of such plea and the maximum penalty provided by law for the offense which may be imposed by the court.

■ In the case of *People v. Marshall*, 1961, 23 Ill.2d 216, 177 N.E.2d 835, the trial judge erroneously explained to the defendant that, "In Indictment 58-636 you are charged with robbery. The penalty may be from one year to life in the penitentiary, do you understand that?" Indictment 58-636 was, in fact, two counts, the first being for armed robbery and the second, for robbery. The penalty for robbery is not less than

one year nor more than twenty years in prison; the penalty for armed robbery at that time was for any term of years, not less than one year, or for life. In affirming the action of the trial court, this Court said, "We cannot see how defendant could be prejudiced by this statement, since the Indictment was sufficiently identified and he was advised of the maximum penalty under the Indictment".

The court affirms the decision of the trial court in finding the defendant guilty. However, another aspect of this case argued by defendant in his supplemental brief shall be examined by this Court. Is a sentence of five to ten years for Armed Robbery imposed on a seventeen-year-old first offender an excessive sentence? And did the trial court abuse its discretion in denying probation?

At the time of the commission of this crime, the defendant was 17½ years old, he had not been previously charged with any crime, he was married and had been rather regularly employed. It appears that defendant himself was not armed, but participated with those that were.

The Chief Adult Probation Officer reported after examination and investigation, "We feel the Court should give thought to rehabilitation possibilities of Clent Jordan, and if so inclined we believe that he would make a worthwhile subject for probation". The record also contains a letter from the Chief of the Pagedale, Missouri Police Department and two other officers of that force stating that if given the chance the defendant could be an asset to his community. It is true that the crime committed was extremely serious. Not only was there an Armed Robbery committed, but also the defendant was present while one of his confederates in the armed robbery raped a woman. We cannot say that the trial court in refusing probation did not give proper consideration to the probation report and the evidence supporting the petition.

As to the propriety of a minimum sentence of five years, we consider our language in *People v. Moore*, 133 Ill.App.2d 827, 272 N.E.2d 270, as being applicable to this case. There we said:

> "This court has previously considered the purposes of the sentencing process which are 'adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. (*People v. Brown*, 60 Ill.App.2d 447; *People v. Evrard*, 55 Ill. App.2d 270.) Adequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation.' (*People v. Lilly*, 79 Ill.App.2d 174 at 178. See also *People v. Conner*, 131 Ill.App.2d 1055, 268 N.E.2d 439 and *People v. Higgins*, 133 Ill.App.2d 186, 268 N.E.2d 265.) In addition, we now

take notice that the new constitution approved by the people of Illinois to take effect July 1, 1971 provides within its Bill of Rights that 'All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the defender to useful citizenship.' Ill. Const., art. I, sec. 11 (effective July 1, 1971)."

Our language in *People v. Conner*, 268 N.E.2d 439 is also applicable; there at p. 441 we pointed out that, as stated in *People v. Haynes*, 73 Ill.App.2d 85, 218 N.E.2d 489, "society now is entitled to some protection without depriving defendant of a reasonable opportunity to rehabilitate and return to society if he cares to do so".

■■ Here we conclude that a minimum sentence of two years will better serve the purposes to be achieved by the imposition of sentence, but we do not modify the maximum sentence imposed. Accordingly, the judgment and sentence are modified to provide that the sentence imposed on defendant be confinement in the penitentiary for a term of not less than two nor more than ten years and as so modified the judgment is affirmed.

Judgment modified, and as modified, affirmed.

G. MORAN and JONES, JJ., concur.