THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GENE JONES, Defendant-Appellant.

(No. 71-109;

Fifth District—May 25, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

R. W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant was sentenced three to five years on a plea of guilty to a robbery charge, after his petition for probation was denied. On appeal he contends that the sentence was excessive, in view of the fact that he had no previous felony convictions, and the fact that he was 18 years old. He urges reduction of the sentence, and in the alternative a remandment for a hearing in aggravation and mitigation.

A review of the record presented discloses that defendant has a record of juvenile offenses. He had previously been committed to the Illinois Youth Commission, been sent to the Training School for Boys at St. Charles, and returned to St. Charles as a result of implication in a burglary. The description of the offense in the probation report, apparently in the words of the defendant, reads:

"I left home drunk at 10:30 P.M. and went to the Stratford Hotel and put my hand in my pocket. I walked in and told the lady at the desk that this is a stick up and when she gave me the money, I ran home and left again. At 12:30 I caught a cab and was arrested."

We find nothing in the record to indicate that there was a hearing in mitigation or aggravation; however, the record discloses the following statement by counsel for defendant when the court inquired if he wished to be heard:

"Your Honor, we agreed, in taking a Plea, to stand mute and we would abide by that and leave it up to the decision of the court."

■■ Obviously, the court felt that whatever efforts had been made to rehabilitate defendant in the past had been unsuccessful. The mitigating circumstance of defendant's tendency to intoxication were presented by

the State. From the record however, we cannot say the court abused its discretion in denying probation, and are of the opinion that if there is to be rehabilitation it will come about while under the supervision of institutional or parole authorites. The sentence given however, gives parole authorities little room for the exercise of their discretion. (See *People v. Lillie*, 79 Ill.App.2d 174, 223 N.E.2d 716.) We therefore reduce the minimum of the sentence to 18 months and affirm.

Judgment affirmed as modified.

JONES and CREBS, JJ., concur.