THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY GLEN GRIFFIN, Defendant-Appellant.

(No. 71-267; )

Fifth District—December 18, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel,) for the People.

PER CURIAM:

Defendant was convicted of forgery after a jury trial in the Circuit Court of St. Clair County and sentenced to the Illinois State Penitentiary for a term of not less than six nor more than 14 years.

Defendant contends (1) that the trial court erred in admitting into evidence a statement alleged to be his voluntary confession, (2) that the identification testimony of a complaining witness should have been excluded, (3) that the trial court committed prejudicial error by admitting evidence of other checks cashed, (4) that the State failed to prove all the elements of the offense charged, and (5) that a sentence of six to 14 years under the circumstances is manifestly excessive.

With reference to the first four contentions, we find that no error of law appears, that the evidence is not so unsatisfactory as to leave a reasonable doubt of defendant's guilt and that an opinion on these contentions would have no precedential value.

The only substantial question on appeal is whether the sentence is excessive.

The defendant was convicted of committing the crime of forging a check in the amount of $18. He was 18 years of age when he committed the crime and 19 years of age when he was sentenced. His hearing in aggravation and mitigation disclosed that he had been a problem since he was a child of five or six and was committed to a mental hospital for a period of time when he was 15 or 16 years old.

In *People v. Moore* (133 Ill.App.2d), 272 N.E.2d 270, we said at 271-272:

"This court has previously considered the purposes of the sen-

tencing process which are 'adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. (*People v. Brown*, 60 Ill.App.2d 447, 208 N.E.2d 629; *People v. Evrard*, 55 Ill.App.2d 270, 204 N.E.2d 777.) Adequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation.' (*People v. Lilly*, 79 Ill.App.2d 174 at 178, 223 N.E.2d 716 at 719. See also *People v. Conner*, Ill.App., 268 N.E.2d 439 and *People v. Higgins*, Ill.App., 268 N.E.2d 265.) In addition, we now take notice that the new constitution approved by the people of Illinois to take effect July 1, 1971 provides within its Bill of Rights that 'All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the defendant to useful citizenship.' Ill. Const. S.H.A., art. I, sec. 11, (effective July 1, 1971)."

Generally, the goal of rehabilitation can be best achieved by giving the parole authorities great discretion. (*People v. Lillie*, 79 Ill. App.2d 174; *People v. Brown*, 60 Ill.App.2d 447.) Parole authorities ought to be given great discretion in determining the length of a defendant's sentence because the parole authorities have two important advantages over the trial court. First, they have access to institutional reports, psychological and sociological reports, and sometimes even psychiatric reports concerning the inmate. (Craven, *Sentencing*, 1966 U. Ill. L.F. 523, 536.) Second, the parole authorities are making their judgment at the time of parole eligibility while the trial court is forced to make a prospective determination as to how soon the offender might be rehabilitated. Craven, *Sentencing*, 1966 U.Ill.L.F. 523 at 536.

An important factor to consider in determining the length of the sentence is the nature of the offense. Here the defendant was convicted of the non-violent crime of forging a check in the amount of $18. Other factors to consider are the age of the defendant, who was only 19 years of age at the time of his sentence, and his employment record which was reasonably good. Still another factor is the possibility that his criminal behavior may stem from emotional difficulties which might be corrected with proper care when he is institutionalized.

Although defendant's record leaves us with some misgivings because it includes many minor offenses, we believe that the sentence imposed by the trial court does not make provisions for the possibility of rehabilitation of this defendant, and we therefore reduce the sentence to a minimum of two years and a maximum of six years.

Judgment affirmed and sentence modified.