**People of the State of Illinois, Plaintiff-Appellee, v. Larry Earl Spaulding, Defendant-Appellant.**

Gen. No. M–10,770.

Fourth District.

September 30, 1966.

Donald B. Mackay, Public Defender, of Bloomington, and Robert E. Williams, Assistant Public Defender, for appellant.

Hugh A. Henry, Jr., State's Attorney, of Bloomington, for appellee.

CRAVEN, J.

The defendant was charged with criminal damage to property, entered a plea of guilty and filed a petition for probation. A probation report was filed, a probation hearing held and the petition for probation denied. The defendant was sentenced to one year in the State Penal Farm. No hearing in aggravation and mitigation was held.

On the day following the sentencing and while the defendant was still in custody of the sheriff of McLean County, a motion to vacate the sentence and for a hearing

in aggravation and mitigation was filed, argued and denied.

■ The sole question presented to this court is the necessity for the hearing in aggravation and mitigation. There is no contention that there was a waiver of such hearing in the sense of an express waiver. It is contended, however, that participation in the probation hearing was tantamount to a waiver of a hearing in mitigation and aggravation.

Paragraph 1–7(g) of ch 38, Ill Rev Stats 1965, provides:

> "For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

In People v. Evrard, 55 Ill App2d 270, 204 NE2d 777 (5th Dist 1965), the court held that a hearing in aggravation and mitigation was required even though the information obtained in the hearing "may" be considered or used by the court in imposing sentence.

In People v. Smith, 62 Ill App2d 73, 210 NE2d 574 (1st Dist 1965), the court indicated that a hearing in mitigation obtaining the sociological information enumerated in section 1–7(g) was not mandatory absent a request for hearing, but because of the procedural circumstances of that case determined that a presentence investigation request was the equivalent to a request for hearing in mitigation and aggravation. Implicit in this ruling is the necessity of determining that the defendant is entitled to a hearing in mitigation and aggravation. (See also proposed Supreme Court Rule 461—tentative final draft May 20, 1966.)

■ It has been held that the hearing in mitigation and aggravation may be waived—People v. Mitchell, 67

280

Ill App2d 124, 214 NE2d 129 (5th Dist 1966). Doubt has been expressed, however, by other writers as to the right of waiver. 1 Callaghan's Ill Crim L at 47.

■ It is clear to us that paragraph 1–7(g) contemplates that a hearing in aggravation and mitigation is an essential part of the sentencing process. While it may be waived, it was not expressly waived in this case. Participation in a probation hearing is not a waiver of a hearing in mitigation and aggravation, for these involve separate areas of inquiry.

It follows that the sentence here imposed must be vacated and the cause remanded to the circuit court of McLean County for further proceedings in accordance with the views herein expressed.

Sentence vacated and cause remanded.

TRAPP, P. J. and SMITH, J., concur.