People of the State of Illinois, Plaintiff-Appellee, v. Darrell D. Yets, Defendant-Appellant.

Gen. No. 10,909.

Fourth District.

August 26, 1968.

Robert T. Trimpe, of Champaign, for appellant.

John J. Bresee, State's Attorney of Champaign County, of Urbana, for appellee.

CRAVEN, J., delivered the opinion of the court.

The defendant was charged with the offense of deceptive practices, specifically the charge being that on September 11, 1966, in Champaign County, the defendant issued a certain bank check, drawn on the Sidney Community Bank, in the amount of $20, payable to a named payee, with intent to defraud payee. A copy of the instrument described in the complaint was attached thereto. Ultimately, after considerable preliminary procedures not now relevant, the defendant waived his right to a trial by jury, entered a plea of guilty, and filed a motion for probation which was denied. The defendant was then sentenced to six months at the Illinois State Penal Farm. This appeal is from the conviction and sentence.

It was originally urged in the briefs filed in this court that the defendant did not knowingly and voluntarily enter a plea of guilty but that the plea was induced by representation that the defendant would be admitted to probation. This alleged error is not substantiated by the record presented to us for review, and on oral argument this error has been waived by the appellant.

The sentence in this case was pronounced on the 25th day of January, 1967. Thereafter, and before mittimus issued, a motion was filed by the defendant asserting that there had been no hearing in aggravation or mitigation and requesting the court to grant such a hearing. So far as appears from the record on appeal, there was no ruling in the magistrate's court on the request for hearing in aggravation and mitigation.

For our assistance in this appeal we have neither a report of proceedings nor proceedings by recollection settled by the trial court as contemplated by Supreme Court Rule 323(c) and made applicable to criminal appeals by Supreme Court Rule 612(c) (Ill Rev Stats 1967, c 110A, sec 612(c)). It is appropriate at this point to note this deficiency and the additional deficiencies with

184

reference to the timely filing of documents required to be filed in this court. After several extensive extensions of time, the appellant's brief was filed subsequent to the expiration of the last extension. Excerpts were not filed as contemplated by rule. We have taken with the case a motion to dismiss the appeal. This motion asserts that the appeal should be dismissed and assigns as a reason therefor the effort to supplement the record by matters not part of the record on appeal and not certified as such, and as a further reason enumerates the late filings herein specified.

It is further urged that the record on appeal, containing no report of proceedings, is insufficient to establish the errors relied upon. The motion to dismiss and the brief of the People purport to make a distinction between the common-law record and the report of proceedings and cite cases in support thereof, all antedating Supreme Court Rule 608(a) (Ill Rev Stats 1967, c 110A, sec 608 (a)), which provides, inter alia, "There is no distinction between the common-law record and the report of proceedings, for the purpose of determining what is properly before the reviewing court."

The motion to dismiss the appeal is denied. By the denial of this motion we do not wish to be understood as condoning the disregard of the rules setting forth a time schedule for filing briefs, abstracts or excerpts from the record. It is clear that a time schedule applicable to all must be adhered to if there are to be expeditious and inexpensive appeals. The responsibility for compliance is that of counsel.

We agree with the position taken by the People that this record on appeal is insufficient to substantiate some of the errors relied upon for reversal. In view of that state of the record on appeal, those errors are not considered.

■ The sole issue presented by this record on appeal is the defendant's right to hearing in aggravation and

mitigation. It is clear here that the defendant made a specific request for such a hearing, however inartfully presented. A hearing in mitigation and aggravation is not only desirable but required absent a waiver thereof by the defendant. See People v. Evrard, 55 Ill App2d 270, 204 NE2d 777 (5th Dist 1965); People v. Harris, 66 Ill App2d 46, 213 NE2d 588 (5th Dist 1966); People v. Spaulding, 75 Ill App2d 278, 220 NE2d 331 (4th Dist 1966); People v. Smice, 79 Ill App2d 348, 223 NE2d 548 (2nd Dist 1967); People v. Smith, 62 Ill App2d 73, 210 NE2d 574 (1st Dist 1965); and People v. Harden, 78 Ill App2d 431, 222 NE2d 693 (4th Dist 1967), affd, 38 Ill2d 559, 232 NE2d 725 (1968).

█ The judgment of conviction is affirmed. The sentence is vacated. This cause is remanded to the circuit court of Champaign County, magistrate division, to conduct a hearing in aggravation and mitigation, and then for imposition of an appropriate sentence subsequent to that hearing.

Conviction affirmed; sentence vacated and cause remanded.

SMITH, P. J. and TRAPP, J., concur.