The People of the State of Illinois, Plaintiff-Appellee, v.
Robert W. Tompkins, Defendant-Appellant.

Gen. No. 68–94.

Third District.

August 28, 1969.

■

Ronald Coplan, Public Defender, of Morrison, for appellant.

L. E. Ellison, State's Attorney of Whiteside County, of Morrison, for appellee.

STOUDER, J.

After pleas of guilty to the offense of armed robbery, the Circuit Court of Whiteside County sentenced Defendant-Appellant, Robert Tompkins, to a term of 5 to 20 years in the penitentiary. This appeal questions only the propriety of the sentence, defendant arguing that sentence was imposed without appropriate hearing and that it is excessive.

After admonishment, defendant's plea of guilty was accepted by the trial court. Thereupon the judge asked whether the parties wished to make any statements. The State's Attorney then made a statement to the court outlining the details of the offense to which defendant pled guilty, recounting the details of an escape from jail and mentioning defendant's previous record as a juvenile. No objections were made by defendant to the statements of the State's Attorney. Defense counsel then made a short statement asking that defendant's youth (17 years) be considered. The judge asked the defendant if he wished to say anything and received a negative reply. The court asked defendant a few questions and then imposed sentence.

Chapter 38, § 1–7(g), Ill Rev Stats 1967 provides, "For the purpose of determining sentence to be imposed, the Court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life,

family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense." The foregoing provision recognizes the importance of the court's function in the imposition of penalties and further that the proper exercise of such function requires the presentation and consideration of all relevant facts. The principles embodied in the Statute are not new but the trend of decisions since its enactment in 1961, reflects an awareness by courts of review that the sentencing function can neither be intelligently exercised or reviewed in the absence of evidence or facts relating thereto. People v. Evrard, 55 Ill App2d 279, 204 NE2d 777; People v. Smice, 79 Ill App2d 348, 223 NE2d 548, and People v. Sessions, 95 Ill App2d 17, 238 NE2d 94.

■■ In the instant case it is conceded by the parties that a defendant is entitled to an opportunity to present evidence favorable to mitigation of the offense thereby affecting the penalty to be imposed. The parties also agree that the right may be waived by the defendant and it is the existence or nonexistence of such waiver that forms the basis of the dispute. The People rely on People v. Muniz, 3 Ill2d 130, 198 NE2d 855; People v. Wakeland, 15 Ill2d 265, 154 NE2d 245; People v. Rummerfield, 4 Ill2d 29, 122 NE2d 179; People v. Hohmann, 72 Ill App2d 374, 219 NE2d 621, and People v. Thurman, 76 Ill App2d 41, 221 NE2d 798, in support of their position that the failure of defendant to request an opportunity to present evidence in mitigation of sentence is a waiver of the right thereto. The inflexibility of the rule as stated in the Muniz, Wakeland and Rummerfield cases has, we believe, been modified in recent decisions such as People v. Evrard, supra; People v. Smice, supra; People v. Sessions, supra, and People v. Harris, 66 Ill App2d 46, 213 NE2d 588. As indicated in People v. Smice, the prevailing view in Illinois, although not completely harmonious, appears to be that a defendant will not be deemed to have waived

a right of which he is unaware. Consequently, waiver is not accomplished by mere failure to request a hearing but requires something more, namely conduct indicating waiver of a known right. Defendant's knowledge need not be shown in any formal sense but we believe the minimum the record must demonstrate is that defendant was aware of his right to present evidence favorable to minimize the prospective sentence and conduct indicating that notwithstanding such knowledge, defendant did not desire to avail himself of such right or opportunity.

In the instant case, the proceedings prior to imposition of sentence were meager and devoid of anything from which it might be reasonably inferred that defendant was aware of his right to present favorable evidence. This fact is in large measure conceded by the People since they rely not upon a knowledgeable waiver but upon defendant's failure to request the opportunity to present such favorable evidence. As we have said before, such failure to request a hearing is not necessarily a waiver thereof and as a consequence we believe defendant neither had nor waived a proper hearing.

In view of the foregoing it is obvious we are not in a position to express an opinion concerning the alleged excessiveness of the sentence imposed. The judgment of conviction of the Circuit Court of Whiteside County is affirmed but the sentence imposed is vacated and the cause is remanded to said Court with directions that defendant be granted a hearing in accord with the views expressed herein to determine the proper sentence to be imposed.

Judgment of conviction affirmed, sentence vacated and cause remanded with directions.

ALLOY and RYAN, JJ., concur.