**The People of the State of Illinois, Plaintiff-Appellee, v. James La Rocco, Defendant-Appellant.**

**Gen. No. 52,831.**

First District, First Division.

April 6, 1970.

Robert F. Meersman, of Mount Prospect, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Patrick T. Driscoll,

Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, James La Rocco, was charged in a misdemeanor complaint before a magistrate with the offense of public indecency in violation of chapter 38, section 11–9 (a) (3) of the 1967 Ill Rev Stats. After a bench trial, the defendant was found guilty as charged and sentenced to the Illinois State Farm for a term of sixty-five days. From this conviction and sentence the defendant appeals.

It is contended by the defendant that the magistrate erred in denying the defendant's motion for a mistrial and his motion for a new trial and that defendant was denied due process of law because the magistrate denied his motion for a continuance for time to prepare for a presentence hearing on aggravation and mitigation.

The defendant was represented at the trial by private counsel of his own choice. However, no stenographic record was made of the proceedings. The case comes to this court on a report of proceedings agreed to by the defendant's attorney and the State's Attorney as a bystander's report.

Miss Jan Ewing, a sixteen-year-old high school student, testified that at 7:45 p. m. on July 26, 1967, she was standing at the intersection of Main Street and Memory Lane in Mount Prospect with her friend, Marcia Bjornseth. A blue 1965 Mustang stopped next to them on the street, and the driver asked directions to a certain park. Miss Ewing walked over to the car to answer his question and observed that he was naked below the waist. Marcia Bjornseth testified that she looked through the rear window and observed that the driver was wearing no trousers. Jan Ewing called the police three minutes after the incident. She testified further

that she was taken to the defendant's home five days later by the police and there she positively identified him as the lone occupant of the car. Officer Robert Barone testified that Miss Ewing identified the defendant at his home.

For the defense several witnesses testified that the defendant was at the home of Mrs. Edward Schneider in Arlington Heights from between 7:15 and 7:30 p. m. until midnight on July 26th watching a televised baseball game. The defendant testified that he did own a blue 1966 Mustang, but stated that at the time in question he was at Mrs. Schneider's home and not at the location testified to by Miss Ewing. He denied having committed the offense with which he was charged.

■ Initially, the defendant contends that the trial judge erred in not declaring a mistrial or granting a new trial. Before the trial, the defense filed a motion for a bill of particulars including a request that any and all statements of the defendant, complainant and witnesses, be delivered to him. An order was entered upon the prosecution to particularize certain information and produce the requested documents. The police department of Mount Prospect then informed the defendant by letter that "no written statements were taken from the victim, or offender or witness." It appears that at the trial, Sergeant Joseph Bopp, a witness for the prosecution, produced a written statement from the files of the Police Department. The defense thereupon moved for a mistrial for failure to supply them with the statement as ordered. This motion was overruled. Counsel for the defendant then objected to its use. He was directed to examine the statement and proceed, but he refused to look at it. We must note that there is a substantial difference between the statement of facts in the defendant's brief and the bystander's report. Reference to matters outside the record is improper and cannot be considered by us.

126

There is nothing in the record to show that the written statement produced by the officer was a "written statement from the victim, offender or witness." Defense counsel was given an opportunity to examine the statement for possible impeachment, but he did not attempt to do so or to have the document identified in the record so that we would have the opportunity to learn of its contents.

██ ██ This trial was conducted by a magistrate and not before a jury. It is presumed that the trial judge considered only competent evidence in reaching his decision. People v. Robinson, 30 Ill2d 437, 197 NE2d 45. The decision to declare a mistrial rests within the discretion of the trial court and will not be reversed unless there are facts upon review that will demonstrate that there has been an abuse of discretion. The record is devoid of any showing that the defendant was prejudiced by Sergeant Bopp's testimony or that there was any substance to the claim that the answer to the request for particulars was untruthful so as to require a mistrial. We find no merit to the contention that the trial court erred in overruling the defendant's objections to certain evidence or that the trial court erred in denying the defendant's motions for a mistrial or a new trial.

There remains for consideration whether the defendant was given adequate time to prepare for a hearing in aggravation and mitigation. The record reveals that after the trial judge found the defendant guilty, the defendant's counsel moved for a recess for several days to allow for the preparation of the aggravation and mitigation hearing prior to sentencing. This motion was denied, and the court proceeded with an immediate hearing and sentenced the defendant.

The State argues that the record is devoid of any showing of prejudice to the defendant. Nothing was stated in aggravation by the State. It is argued that the defend-

ant's alibi witnesses and his mother were present at the trial and available to testify at the hearing. The State contends that defendant's counsel had ample opportunity before the case came to trial to investigate the defendant and that he cannot say that he was unprepared. We do not agree.

■ The Criminal Code provides for a hearing for the purpose of determining the sentence to be imposed. Ill Rev Stats 1967, c 38, § 1–7(g). Every defendant is entitled to prepare and present evidence as to his moral character, life, family, occupation and criminal record which should be considered in mitigation. We have pointed out that such a hearing is mandatory unless understandingly waived which was not done in this case. People v. Sessions, 95 Ill App2d 17, 238 NE2d 94. As we stated in Sessions:

> A hearing in aggravation and mitigation is especially important when, as in the instant case, the offender is eligible for probation because rehabilitation is more likely to result from a carefully supervised period of probation than it is from a term in the penitentiary. 95 Ill App2d at 27, 238 NE2d at 100.

■ A defendant in any criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial and that right is guaranteed to him by the constitution. People v. Humbleton, 399 Ill 388, 393, 78 NE2d 293, 296. He is also entitled to a reasonable time to prepare for a hearing in aggravation and mitigation. We are of the opinion that the magistrate abused his discretion in not granting the motion for a continuance for the purpose of preparing for such a hearing.

Accordingly, we affirm the judgment of the court that the defendant was guilty as charged, and we vacate the

sentence and remand the cause to the trial court to afford the defendant a full opportunity to a hearing on aggravation and mitigation.

Judgment affirmed, sentence vacated and remanded with directions.

MURPHY and ADESKO, JJ., concur.