THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD WAYNE TERVEN, Defendant-Appellant.

(No. 11300;

Fourth District—December 7, 1970.

CRAVEN, J., dissenting.

Robert E. Williams, Assistant Public Defender, of Bloomington, for appellant.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from an order entered upon his plea of guilty which imposed a penitentiary sentence of not less than 18 months nor more than 5 years with the *mittimus* providing that the sentence should be served consecutively with an "earlier sentence imposed upon this defendant in this court * * * and said earlier sentence shall be first served out". The defendant contends (1) that the sentence is excessive and should be reduced and (2) that the consecutive sentence is so vague, ambiguous and indefinite that it should be construed to run concurrently with the prior sentence.

The defendant first pleaded guilty to burglarizing a tavern in May, 1969. The guilty plea was entered on December 3, 1969, and after a hearing, probation was granted on December 15. He was admitted to probation for a period of five years and one condition of the probation order was that the defendant serve one year at the Illinois Penal Farm in Vandalia. *Mittimus* issued. On February 13, 1970, defendant pleaded

guilty to a second offense of burglary for burglarizing Eastern Packing Company in September, 1969. His petition for probation was denied on February 26, and the penitentiary sentence was imposed. *Mittimus* issued. It is now the defendant's contention that by the terms of the second judgment order, it would appear that the trial court intended that the defendant would serve one year at the Illinois State Penal Farm, four years on probation and then commence the 18 month to 5 year sentence in the present case. We think it is clear from the record as to what the court intended. Defense counsel asked about the prior sentence and whether or not they were to run concurrently. The court then stated "These sentences do not run concurrent. I would have to indicate if they were going to run concurrent, but this is a separate sentence, I have taken that into consideration at this time. If sentence is not concurrent with the sentence imposed in Cause No. 69-CF-707. This sentence shall be consecutive with the sentence earlier imposed in Cause No. 69-CF-707 of this court and does not run concurrently. This sentence does not supersede the other sentence imposed upon the Defendant in the other cause mentioned and which he is presently serving". At the time of the penitentiary sentence and at the time of this pronouncement by the court, the defendant was serving the 12 month incarceration imposed in the earlier case as a condition of probation.

■■ We had occasion to consider the question of a second sentence that was to run consecutive to a previous sentence. (*People v. Walton*, 118 Ill.App.2d 324, 254 N.E.2d 190.) It was there observed that where the judgment order fails to clearly define the limits of the sentence intended to run consecutively, the case must be remanded for proper sentence. While we would not pose as legal lexicographers, we would suggest that we deal here neither with concurrent sentences nor consecutive sentences. In its strictest sense, admission to probation or while under the supervision of the court on probation, a defendant is not serving a "sentence". He is under the supervision of the court in lieu of a sentence. (*People v. Nordstrom*, 73 Ill.App.2d 168, 219 N.E.2d 151.) Indeed "probation" is precisely defined in the statute as the conditional and revocable release BEFORE SENTENCE, and under the supervision of an officer of the trial court, of a person who has been found guilty of an offense. (Ill. Rev. Stat. 1969, ch. 38, par. 102—18.) It is only when probation is denied or probation is revoked that the court exercises its power to sentence. The fact that the defendant here is incarcerated in the Illinois Penal Farm at Vandalia was not the result of a sentence, but was the imposition of a condition of his admission to probation. In the court's pronouncement, the use of the term "sentence" was inadvertent. The defendant was not technically serving a "sentence" in Vandalia but an incarceration as a

part of probation. Indeed there is no statutory authority for a sentence anywhere but in the penitentiary for burglary.

■■ The defendant further argues that the trial court did not revoke the order admitting the defendant to probation and could not do so because the conviction of the felony which we here review was for a crime committed prior to the admission to probation and the trial court was without authority under *People v. Lillie*, 79 Ill.App.2d 174, 223 N.E.2d 716, to revoke probation for crimes committed prior to the entry of the order of probation. It is pointed out that a prior conviction is not a violation of a subsequently entered probation order. The probation order in the first case is not on review before us, and we cannot with propriety disturb it. It is clear that the trial court intended that the sentence in the case we now review would begin when the incarceration in Vandalia terminated and when so construed the semantical obfuscation which results otherwise is eliminated. When the defendant has served his 12 months in Vandalia as a condition of probation and his 18 months in the penitentiary as a result of the sentence here, he will still be under the technical control and supervision of the Department of Correction and it will be its agencies which determine whether further institutionalization is necessary or whether the defendant may be admitted to parole. He may serve a maximum of 5 years in the penitentiary depending upon his conduct or he may be admitted to parole which may or may not run beyond the time when the probation order terminates by its own time limitations. At this point whether or not the defendant may ever come under the effective control of the circuit court on probation is not before us.

■■■ Accordingly, there is no merit in the suggestion that the sentence should be reduced or in the suggestion that the order of probation and the sentence to the penitentiary should be concurrent rather than consecutive. The language of the *mittimus* that "said earlier sentence shall be first served out" is an unequivocal statement and readily understandable. It is likewise a concise and precise expression of the intention of the trial court that the imprisonment in this case should commence after the imprisonment terminated in Vandalia. The right to impose such a sentence is explicit in Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m) and reads: "When a person shall have been convicted of two or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses." Neither the statute nor the intention of the trial court is ambiguous or vague. Accordingly, to eliminate the unrealistic interpretation that the present sentence begins on the termination of

probation, the *mittimus* in this case will be modified by deleting the words "and said earlier sentence shall be first served out" and in lieu thereof, there shall be inserted in substance the words "the term of imprisonment imposed in this cause shall commence at the expiration of the term of imprisonment in Vandalia imposed under the probation order entered in Cause No. 69-CF-707". As so modified, the judgment of the trial court is affirmed.

Judgment affirmed with *mittimus* modified.

TRAPP, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN, dissenting:

The result reached by my colleagues is in accord with the intention expressed by the trial judge. I cannot agree, however, that the sentence in this case should be consecutive to the earlier "sentence." Paragraph 1—7(m) of ch. 38, Ill. Rev. Stat. 1969, contemplates that when a person shall have been convicted of more offenses which did not result from the same conduct, the second sentence may be made to be consecutive to the sentence first imposed. The first "sentence" imposed upon this defendant was five years of probation with a condition that the defendant serve one year in the State Penal Farm. I agree with the majority that such is not a "sentence" but is probation conditioned upon a period of incarceration. Such incarceration, in my opinion, is not a "term of imprisonment" for purposes of par. 1—7(m) of ch. 38, Ill. Rev. Stat. 1969.

That grant of probation was in December of 1969. In February of 1970, the defendant pleaded guilty to a second offense of burglary—a crime committed prior to the admission to probation, although that fact was not made known to the trial judge at the time he admitted the defendant to probation. The sentence imposed in February of not less than eighteen month nor more than five years cannot be a consecutive sentence. If the defendant first serves the twelve months—clearly a definite term—and then is incarcerated for the indeterminate sentence, he would receive no probation supervision absent release at the minimum under the second sentence, at which point he would, at least technically, be subject to both probation supervision and parole supervision. This is an undesirable result, even if permissible.

If he is not so released at the expiration of his minimum, presumably his period of probation would be running while he is incarcerated on the indeterminate sentence—a consequence clearly not contemplated.

This unnecessary procedural mix-up, arising out of the peculiar facts of this case, could have—and I suggest should have—been avoided by the imposition of a sentence in the second case that would properly

reflect the trial court's determination of a realistic minimum. The offense of burglary carries a penalty of an indeterminate term of not less than one year in the penitentiary, thus making available to a sentencing judge an infinite range of possibilities.

Inasmuch as the original period of incarceration was not a sentence but rather a condition of probation, the subsequent action of sentencing the defendant for a period of not less than eighteen months nor more than five years cannot be consecutive. By definition, a consecutive sentence contemplates a pre-existing valid sentence—and here there is none. I would affirm the sentence and delete as impermissible surplusage the references in the judgment and in the *mittimus* which relate to consecutive sentence.

This case demonstrates the desirability of consolidating all outstanding offenses, so far as possible, prior to the time of sentencing, as set forth in para. 5.2(a) of the American Bar Association Standards Relating to Sentencing Alternatives and Procedures; likewise, the desirability of the provision contained in para. 3.4 of such Standards as the same relates to concurrent and consecutive terms.