THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WESLEY GENTRY, Defendant-Appellant.

(No. 56188;

First District—May 16, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Saul H. Brauner, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard Pezzopane, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The only issue in this appeal is whether the trial judge erred in sentencing defendant, after revocation of probation, without hearing evidence in aggravation and mitigation.

On May 15, 1970, defendant pled guilty to a charge of burglary. The same day, he applied for and was admitted to probation for five years, the first six months were to be served in the county jail. May 13, 1971, after a notice, petition and rule to show cause, the trial judge began a hearing to determine whether defendant's probation should be terminated. There were three court sessions. At the end of the second, after a police officer and defendant had testified, the trial judge announced that "[t]he Court will take this matter under advisement and will rule right after lunch." The hearing was recessed until 1:15 P.M.

When the court reconvened, after a brief statement by the prosecuting attorney, the trial judge said:

"All right. The Court finds that there has been a violation of the probation and that probation is, therefore, terminated and revoked and the defendant is sentenced to the Penitentiary for a period of not less than two nor more than four years. You are hereby committed to the custody of the Department of Correction."

Defendant argues that after revoking the probation, but before imposing sentence, the trial judge had to give him a hearing in aggravation or mitigation. (*People v. Dotson*, 111 Ill.App.2d 306, 250 N.E.2d 174; *People v. Hicks*, 125 Ill.App.2d 48, 259 N.E.2d 846; Ill. Rev. Stat. 1969, ch. 38, par. 1—7 (g).) Unless it was waived by him knowingly, defendant insists, the hearing was mandatory. (*People v. Smice*, 79 Ill. App.2d 348, 223 N.E.2d 548.) Defendant makes the point that he did not waive his right to the hearing because the trial judge did not give him nor his lawyer the opportunity.

In meeting this argument, the State contends that neither defendant nor his counsel requested the hearing. Moreover, the State argues, when defendant pled guilty and applied for probation, he furnished the trial court with information concerning his life, family, occupation and criminal record. Therefore, according to the State, in determining whether

probation should be granted, the trial court gave defendant a hearing in aggravation and mitigation of the offense.

 In reviewing the issue presented, illumined by the argument of the parties, our attention has been attracted to the words of paragraph 1—7 (g) of our criminal code which require that "[f]or the purpose of determining the sentence to be imposed, the court shall, after conviction, * * * hear and receive evidence * * * in aggravation and mitigation of the offense." Sentence, in the meaning of these words, is the pronouncement of the penalty which the law imposes as a consequence of guilt. (*People v. Nicholson,* 401 Ill. 546, 552, 82 N.E.2d 656.) Probation, which the court considered after defendant pled guilty, is not a sentence. (See *People v. Terven,* 130 Ill.App.2d 708, 264 N.E.2d 538; *People v. Nordstrom,* 73 Ill.App.2d 168, 219 N.E.2d 151.)[1] It is generally said that an order admitting a defendant to probation is a suspension of the sentence. (*Commonwealth ex rel. Paige v. Smith* (1938), 130 Pa. Super. 536, 198 A. 812; *In re Williams Petition* (1965), 145 Mont. 45, 399 P.2d 732.) Therefore, what the trial judge considered in determining whether to grant defendant probation was not evidence "[f]or purpose of determining the sentence * * *" which was imposed almost a year later.

 We think it obvious that neither defendant nor his counsel was given the opportunity to request a hearing in aggravation and mitigation after the trial judge made his finding that defendant had violated probation. The trial judge ascended the bench after a recess, announced his finding and, without pausing, sentenced the defendant. This, in our judgment, did not give defendant the opportunity to waive a hearing which is an essential part of the sentencing process. (See *People v. Spaulding,* 75 Ill.App.2d 278, 220 N.E.2d 331; compare *People v. Brown,* 2 Ill.App.3d 368, 276 N.E.2d 452; *People v. Tompkins,* 112 Ill.App.2d 251, 251 N.E.2d 75.) Under these circumstances, we conclude that the trial judge erred in sentencing defendant, after revocation of probation, without hearing evidence in aggravation or mitigation of the offense.

---

[1] At the time defendant pled to the burglary charge, a person found guilty of any offense [with exceptions not here pertinent] could be admitted to probation if it appeared that the public interest and his rehabilitation did not require he receive the penalty provided for the offense. Ill. Rev. Stat. 1969, ch. 38, par. 117—1 (a) (2) and (3).

The penalty provided for the offense of burglary was imprisonment in the penitentiary for any indeterminate term with a minimum of not less than one year. Ill. Rev. Stat. 1969, ch. 38, par. 19—1 (b). Therefore, it can be seen that because the probation order did not pronounce the penalty for burglary, it was not a sentence.

We affirm the judgment but vacate the sentence and remand the cause with directions that defendant be granted a hearing in accord with the views expressed in this opinion.

Affirmed; sentence vacated and remanded with directions.

STAMOS, P. J., and SCHWARTZ, J., concur.