THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY G. WILLIAMS, Defendant-Appellant.

(No. 72-270;

Third District—December 18, 1973.

Stephen Hurley, Assistant Appellate Defender, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by Billy G. Williams from a judgment of the Circuit Court of Knox County finding defendant guilty pursuant to his plea of guilty to an indictment for attempted murder. He was sentenced to a term of two to five years.

On appeal in this court, defendant raises three issues: (1) that the court failed to ascertain that defendant understood the nature of the charge before accepting his guilty plea, (2) that the court failed to inquire of defendant whether there was a plea agreement before accepting his plea of guilty, and (3) that the court denied him due process by refusing to allow defendant sufficient time for preparation for the hearing in aggravation and mitigation.

■■ It appears from the record that the trial court complied with Rule 402(a)(1), pursuant to which it is directed that the court advise the defendant of the nature of the charge before accepting his plea of guilty. (Ill. Rev. Stat. 1971, ch. 110A, § 402(a)(1).) The record here discloses that the court in fact addressed the defendant personally and advised him that he was pleading guilty to the offense of attempted murder in that "you knowingly and without lawful justification, and with intent to commit murder, attempted to kill Marjorie Marie Olinger, with a hunting knife by directing the said knife toward her person, knowing that said acts created a strong probability of death to Marjorie Marie Olinger." The court then asked defendant whether he understood the nature of the charge fully. Defendant replied that he did. Defendant was represented by counsel during the entire proceeding. He was furnished with a copy of the indictment. He was advised of the minimum and

maximum sentence which could be imposed and there was a recital in detail of the facts of the incident by the State's Attorney in the presence of the defendant in open court as an adequate factual basis for the plea. From the total record it is clear that defendant understood the nature of the charge. *People v. McCrady*, 131 Ill.App.2d 836, 267 N.E.2d 515; *People v. Hickman*, 9 Ill.App.3d 39, 291 N.E.2d 523.

A contention is made in the course of the discussion of this issue, that defendant really did not intend to kill Marjorie Olinger but acted only for the purpose of frightening her. Intent to kill may be inferred from the use of a deadly weapon, the character of the assault, or other circumstances (*People v. Bashic*, 306 Ill. 341, 137 N.E. 809; *People v. Shields*, 6 Ill.2d 200, 127 N.E.2d 440) and every sane person is presumed to intend the natural and probable consequences of his act. If he voluntarily and willfully does an act which may tend to destroy another's life, the presumption is that the destruction of life was intended. (See also *People v. Payton*, 2 Ill.App.3d 693, 276 N.E.2d 775, where defendant shot twice at a victim assertedly intending only to frighten him. The court found there a total disregard for human life so as to justify a conviction for attempted murder.) From our examination of the entire record in this cause, it is obvious that defendant knowingly pleaded guilty and was clearly advised as to the nature of the charge.

A further contention is made that the trial court failed to comply with Rule 402(b) (Ill. Rev. Stat. 1971, ch. 110A, § 402(b)) by first inquiring as to whether there was a plea agreement. The rule provides that in determining whether a plea is voluntary the court should not accept a plea of guilty without first determining that it is in fact voluntary. It is further provided that "if the tendered plea is the result of a plea agreement, the agreement shall be stated in open court." The court is also required to determine whether any force or threats or promises, apart from the plea agreement, were used to obtain the plea. In the record before us, it is clear that the court interrogated defendant and asked whether any force, threats, promises or coercion of any kind was used to induce him to withdraw his plea of not guilty and to enter the plea of guilty. Defendant answered negatively as to such question. The court asked him whether he was pleading guilty of his own free and voluntary will and defendant stated that he was and, also, stated that there was no coercion, threat, intimidation or promises of any kind.

It is clear from the record that defendant's plea was not the product of a plea agreement. Defendant admitted that it was not the result of a promise of any kind, and that the plea was voluntary. It has been observed that there is no absolute requirement in Rule 402(b) referred to (*People v. Scott*, 9 Ill.App.3d 626, 292 N.E.2d 583; *People v. Talbot*,

9 Ill.App.3d 688, 292 N.E.2d 561). In the *Talbot* case referred to, we concluded that the failure of the trial court to make a record of plea negotiations prior to acceptance of the plea was not reversible error. Certainly in the present case, where there was no plea agreement, we do not believe it would be reversible error for the court not to have elicited this specific information of record where the court complies substantially with the requirements of Rule 402(b). We do not believe, therefore, that there is any reversible error in the trial court procedure involved with respect to Rule 402(b).

On August 13, 1972, the trial court held a hearing on defendant's petition for probation. The defense called four witnesses at such hearing, the probation officer and three officers connected with the Knox County Jail. One of the jailers was defendant's nephew and another was a neighbor, both of whom had some knowledge of defendant's background. Probation was denied. The trial court then declared that they would go right into the hearing on aggravation and mitigation. Defense counsel asked for a delay so that he could have sufficient time to discuss the matter with defendant. The judge, however, respond "No, right now. Is there anything further?" Defendant asserted he was unable to offer anything at such time so the judge considered only the information which was offered on the petition for probation.

■■ Under 1971 Illinois Revised Statutes, ch. 38, § 1—7(g), it is provided that for the purpose of determining the sentence to be imposed, a court shall hear and receive evidence as to moral character, life, family, occupation and criminal record of the defendant beyond that received at the trial, and may consider that evidence in aggravation and mitigation. While no specific time is set for the receipt of that evidence, it is clear that a defendant must be allowed some time to prepare for the hearing. *People v. Hambleton*, 399 Ill. 388, 393, 78 N.E.2d 293; *People v. LaRocco*, 123 Ill.App.2d 123, 260 N.E.2d 52.

■■ It is contended by the State that as a result of defendant's participation in the probation hearing and the evidence heard at such time, the court had enough information and evidence upon which to arrive at an intelligent determination of sentence. We do not believe this is an answer to the issue, since the hearing in aggravation and mitigation was not waived and could conceivably involve a separate area of inquiry. (*People v. Spaulding*, 75 Ill.App.2d 278, 220 N.E.2d 331.) Defendant should not be deprived of a reasonable opportunity to have a hearing in aggravation and mitigation or to waive such hearing. (*People v. Gentry*, 5 Ill.App.3d 1088, 284 N.E.2d 428.) Under such circumstances we do not believe that it was a proper exercise of discretion for the court to deny defendant the opportunity to have a brief continuance for the purpose

of preparing for the hearing in aggravation and mitigation. While the court rejected the recommendation of the State's Attorney for a sentence of five to ten years and sentenced defendant to a term of not less than two nor more than five years, defendant nevertheless should have been given an opportunity to present evidence in mitigation. We, therefore, conclude that defendant's sentence should be vacated and the cause remanded solely for a hearing to give an opportunity to defendant to present evidence in mitigation, if he so desires, and for such related proceedings as may be consistent with the views expressed in this opinion, including sentencing.

Remanded with directions.

STOUDER and DIXON, JJ., concur.