*In re* LARRY WEIGLER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY WEIGLER, Defendant-Appellant.)

Fourth District   No. 13270

Opinion filed April 22, 1976.

Gerald B. Cohn, of Bethalto, for appellant.

George P. Wittman, State's Attorney, of Jerseyville (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, 14 years old, was found to be delinquent after a finding that he was guilty of the offense of arson. It is not contended that he actively

participated in setting fire to the Illini Junior High School Building in Jerseyville, Illinois. He was found guilty under the accountability provisions of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, § 5—2). The question raised on appeal is whether defendant was proved delinquent beyond a reasonable doubt. We affirm.

At approximately midnight on Friday night, February 21, 1975, the Illini Junior High School in Jerseyville, Illinois, burned down. Several boys, 14 and 15 years old, testified that the subject of burning down the school had been discussed during the preceding school week. The discussions had started out as a joke. In the middle of the week, defendant Larry Weigler told several boys that he would get the gas if they would do it. Early Friday evening, defendant personally informed at least one and maybe another of the boys that he had obtained the gas and left it at the East School, a local elementary school. Later on that evening six of the boys got together and were drinking. They picked up the gas at the grade school and set fire to the Junior High, which was destroyed.

Defendant testified that "everyone" at school was talking about burning it down. He agreed to obtain the gas. He and Randy Woolsey took the gas, which amounted to about a gallon and one-half in a 5-gallon can, to the grade school where they left it in a sand lot. They were observed walking in that direction with a gas can. That evening he went to a dance where he heard several of the most involved boys were drinking. Afraid that they might actually do it, Weigler, with several friends, went back to the grade school at about 9:30 p.m., in order to retrieve the gas can. They could not find it. They looked for about 5 minutes. The other boys picked up the gas at about 11:15 p.m.

It was the testimony of everyone involved that Larry did not really believe that the boys would actually carry out their "joke."

■■ Clearly defendant must be found to have committed the offense charged beyond a reasonable doubt before he may be adjudged delinquent. *(In re Urbasek*, 38 Ill. 2d 535, 232 N.E.2d 716; Ill. Rev. Stat. 1973, ch. 37, §704—6.) The trial court found defendant guilty under an accountability theory.

> A person is legally accountable for the conduct of another when:
>
> * * *
>
> (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. * * *" (Ill. Rev. Stat. 1973, ch. 38, § 5—2.)
>
> "Under section 5—2(c) of the Criminal Code, the State must prove beyond a reasonable doubt three propositions: (1) That

defendants solicited, aided, abetted, agreed or attempted to aid another person in planning or commission of the offenses; (2) that this participation must have taken place either before or during the commission of the offenses; and (3) that it must have been with the concurrent, specific intent to promote or facilitate the commission of the offenses. [Citation.]" *People v. Tillman,* 130 Ill. App. 2d 743, 749-50, 265 N.E.2d 904, 909.

■■ Clearly the first two criteria have been met. Defendant argues that there is no proof that the gas used to start the fire was the same gas left by defendant. The can found after the fire was so burned it could not be traced or recognized. Defendant testified that he left a gas can in the sand lot of a certain grade school. It is clear from the testimony that the other boys found a gas can at that school and used it in setting the fire. The likelihood of there being two such 5-gallon cans lying about in the sand lot is so improbable that it does not raise a reasonable doubt. Supplying the gas for the fire is an act by defendant which aided another in the commission of the offense. Although defendant could not find the can at 9:30, he searched for only 5 minutes in an admittedly unlighted place.

■■ It is also clear that this participation took place before the offense was committed. Defendant's main attack is that there was no proof of intent.

Every sane person is intended to presume the natural and probable consequences of his acts. (*People v. Williams,* 16 Ill. App. 3d 146, 305 N.E.2d 333.) Defendant, with the other boys, had been talking about burning down the school for a week. Defendant obtains some gas, hides it in a safe place and informs the others where it is secreted. Five hours later, the school burns down. It was a consequence in part brought about by defendant's acts.

Defendant lays great stress on his testimony in which he contended that he did not really believe the other boys would go through with it. The intent necessary is a specific intent to promote, facilitate, aid or abet another's commission of the crime. Defendant, in fact, testified that is exactly why he brought the gas. This exchange occurred on cross-examination.

"Q. Were you calling their bluff?

A. What do you mean?

Q. Well, I mean, are you saying 'Okay, if you guys are going to do it, here's the gas to do it. Let's see if you will really do it?

A. *In a sense, yes,* but that wasn't the main reason.

Q. What was the main reason?

A. *They said they wanted it."* (Emphasis supplied.)

Defendant's procuring and supplying the gas did promote, facilitate, aid and abet the arson by the other boys.

The question of intent is one for the trier of fact. (*People v. Chambers*, 15 Ill. App. 3d 23, 303 N.E.2d 24.) That finding will not be reversed on appeal unless the finding is inherently impossible or unreasonable. (*People v. Dunham*, 13 Ill. App. 3d 784, 300 N.E.2d 328.) The record here supports the trial court's finding that defendant was guilty under accountability principles.

■■ Defendant argues that the trial court's comments show that the court believed defendant did not have the proper intent. The court said "[F]or the purpose of this decision, the Court will accept the contention of the defendants, that they did not intend to burn down the Junior High School; the Court will accept the contention that this was a school boy prank that turned into a bad joke." Contrary to defendant's argument, however, this statement does not constitute a finding that defendant did not have the intent to promote, facilitate, aid and abet the arson, merely that the boys were far more successful than they had intended to be.

Both defendant and the State argue the question of whether defendant is accountable because of his participation in a common scheme or plan. However, this issue need not be discussed in view of our holding that defendant is accountable under the specific statutory principles set out in the Criminal Code. *People v. Kessler*, 11 Ill. App. 3d 321, 296 N.E.2d 631.

Defendant's final argument is that he had sufficiently withdrawn from the scheme so as to be relieved of liability thereon. Section 5—2 provides that a person is not legally accountable if:

"(c) * * *

(3) Before the commission of the offense, he terminates his effort to promote or facilitate such commission, and does one of the following: wholly deprives his prior efforts of effectiveness in such commission, or gives timely warning to the proper law enforcement authorities, or otherwise makes proper effort to prevent the commission of the offense." Ill. Rev. Stat. 1973, ch. 38, §5—2(c)(3).

■■ Admittedly defendant neither deprived his prior efforts of effectiveness nor gave warning to the proper authorities. However, defendant contends that his futile search of 5 minutes for the gas can was sufficient proper effort to prevent the commission of the offense, so as to relieve him of liability. There were many actions defendant could have taken. He could have sought out the boys and attempted to dissuade them. He could have conducted a more thorough search. He could have enlisted the aid of adults other than the police. He did none of these things. Implicit in the judgment of conviction is a finding by the trial judge that defendant's perfunctory effort, totally without effect, was not a "proper effort" which relieved him of responsibility. That determination is clearly supported by the evidence.

Accordingly the judgment of the trial court is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.