THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD WILLIAMS, Defendant-Appellant.

First District (4th Division)    No. 76-8

Opinion filed January 13, 1977.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Ramon Noel Flores, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Donald Williams was charged with theft of property not exceeding $150 in value in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)). After entering a not guilty plea and waiving a jury trial, the defendant was found guilty and sentenced to 360 days. He appeals the court's denial of his motion for a presentence investigation.

The evidence revealed that on July 5, 1975, the defendant removed $69 from a nurse's purse at Northwestern Memorial Hospital. The registered nurse in charge of the floor saw the defendant enter and leave the room where her associate's purse was stored and she called the security guard and gave him a description of Williams when she learned of the theft. Subsequently, Williams was stopped on the street by a security guard, informed of his rights and detained for investigation. When questioned,

the defendant admitted stealing $69 from one room and $1.69 from another room in the hospital. After the defendant made the admission, it was reduced to writing, signed by him and received in evidence. However, at the trial, defendant stated that he was "high" and did not read or completely understand the confession.

Following closing arguments, the court entered a guilty finding and held a hearing in aggravation and mitigation. In aggravation, the State listed a series of convictions, primarily misdemeanors, and then recommended a sentence of 364 days. Then defense counsel made a motion for a presentence investigation and related that in a conversation with the accused, he indicated that he was subject to fits of depression and had hypertension. When the defendant did not deny that the State had an accurate copy of his record, the court denied defense counsel's motion and sentenced the defendant to 360 days in the House of Correction.

The question to be considered in this appeal is whether the trial court abused its discretion by denying defendant's motion for a presentence investigation when the crime charged is a misdemeanor.

The defendant contends that a presentence report assists a judge in making a rational and informed determination of the proper sentence and to deny defendant's motion for such a report is an abuse of discretion. In support of his position, the defendant cites several cases (*People v. Dalton* (1973), 12 Ill. App. 3d 1097, 299 N.E.2d 352 (abstract opinion) (rape and robbery), *People v. Williams* (1973), 16 Ill. App. 3d 146, 305 N.E.2d 333 (attempted murder), and *People v. Griffin* (1972), 8 Ill. App. 3d 1070, 290 N.E.2d 620 (forgery)), which assert that family background, employment record, present physical and emotional condition, along with any history of past offenses, are pertinent facts to be considered in sentencing. These cases, all felonies, are not controlling in this instance because the accused in this appeal is charged with a misdemeanor and not a felony.

■■■ Section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—1) provides as follows:

> "A defendant shall not be sentenced before a written presentence report of investigation is presented to and considered by the court where the defendant is convicted of a felony. The defendant may waive the presentence investigation and written report.
>
> The court may order a presentence investigation of any defendant."

This section clearly makes a presentence report mandatory before sentencing felony defendants, unless knowingly waived by the defendant. And, while section 5—3—1 does not specifically discuss misdemeanors, the statute does provide that the court can order a presentence report in any case which includes misdemeanors and other

petty offenses. We hold that a presentence report is mandatory in felony cases and discretionary in all other cases. We think the judge's action in this case was not an abuse of discretion since the Code does not compel a judge to order a presentence investigation in a case where the defendant is charged with a misdemeanor. In fact, the prescription, in all cases except felonies, permits the trial judge to exercise his discretion and to sentence the convicted party without a presentence investigation. Consequently, we hold that the trial judge was sufficiently well informed to make a rational decision and did not abuse his discretion by imposing the sentence without a presentence report.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and SULLIVAN, JJ., concur.