THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD HANGEBRAUCK, Defendant-Appellant.

(No. 71-213; ▮▮▮▮▮▮▮▮▮▮

Second District—July 26, 1972.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James' W. Jerz, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was jointly indicted with Tony G. Miller and John Potts Akred for burglary and theft. The defendant entered a plea of not guilty at arraignment and subsequently on March 4, 1970, withdrew his plea of not guilty to count five of the indictment charging theft of over $150. No objection is raised to the admonishment of the court as to the consequences of his plea of guilty. The State *nolle prossed* the counts charging burglary and the other counts. A combined hearing was had on defendant's application for probation and hearing in aggravation and mitigation. The defendant was then sentenced to a minimum of 5 and a maximum of 10 years in the Illinois State penitentiary.

The sole question raised in this appeal is whether or not the sentence 5-10 years is excessive.

On December 19, 1969, the defendant herein met the two other defendants at the home of John Akred. Akred then went to the house of a neighbor, Richard Bjork, entered the home, and stole $25,525.22 in cash and negotiable checks, the property of Richard Bjork. Defendant contends that he was at the store with defendant Miller at the time of the entry by Akred. There is evidence however, that the defendant and Miller acted as a "look out." They all returned to the home of Akred where they went to the attic and the defendant took $1300 of the money. The defendant and Miller also took some of the checks which they burned. The defendant spent the money on a car, liquor and clothing, and gave his mother who was on relief, the sum of $25. The three defen-

dants disposed of over $12,000 of the victim's funds before they were apprehended.

The defendant was adjudicated delinquent in 1957 for theft and placed on probation. In 1966 he was convicted in Wisconsin for the offense of burglary and was further convicted in Lake County for burglary and sentenced to serve 2-4 years in the Illinois State penitentiary. He was paroled in January, 1969. At the time of the instant offense the defendant was on parole for this burglary charge. In March of 1969 he received a fine and jail sentence in Kenosha, Wisconsin, for reckless driving, no driver's license, and eluding police. In April, 1969, he was fined and given 30 days in the county jail of Lake County for reckless driving and eluding police and 4 months in the state farm at Vandalia for having no driver's license. The defendant contends that the Kenosha, Wisconsin, offense and the Lake County offense involving reckless driving and no driver's license arose out of the same incident. Examination of the record indicates to the contrary.

In support of his contention that the minimum sentence imposed is excessive, defendant has cited *People v. Lillie,* 79 Ill.App.2d 174, 223 N.E.2d 716. While it is true that the court in *Lillie* discusses the question of minimum sentence, the facts therein are interesting. In *Lillie* the defendant's probation was revoked because of subsequent misdemeanors and he was given 15-20 years on the original burglary charge. The trial court subsequently reduced it to 12-18 years and the Appellate Court thereupon reduced the sentence to 5-10 years which is exactly the sentence imposed by the trial court in the instant case. Defendant has also cited *People v. Haynes* (1971), 266 N.E.2d 172, 174, in which the court stated:

> "The purposes to be achieved by sentencing are to make the punishment proportionate to the seriousness of the offense, to protect society from further offenses and to recognize possibility of rehabilitating the individual offender."

However, in *Haynes* the defendant was sentenced to 5-10 years, a co-defendant was granted probation, and this court refused to reduce the sentence. This court's statement is as Gilbert and Sullivan once said "let the punishment fit the crime."

In the instant case the defendant was on parole, he had committed previous felonies, and the rehabilitation process seems to have failed somewhere along the line. Perhaps the rights of society should be considered strongly under the facts of this case. The sentence imposed is not excessive.

Judgment affirmed.

T. MORAN and ABRAHAMSON JJ., concur.