THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUNIOR LEE PUCKETT, Defendant-Appellant.

(No. 72-38; ▮▮▮▮▮▮▮

Fifth District—September 1, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

R. W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant was charged with murder by an indictment. He was arraigned and entered his plea of not guilty to the offense of murder. The Public Defender was appointed to represent the defendant. At his next appearance in open court, the defendant entered a plea of guilty to the lesser included offense of voluntary manslaughter. The plea was a

result of negotiations between the State's Attorney and the defendant. The trial court determined the extent of the negotiations to be that the defendant would plead guilty to the offense of voluntary manslaughter in return for a sentence recommendation by the State of 7 to 15 years.

After compliance with Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, sec. 402), the plea of guilty to voluntary manslaughter was accepted, and defendant's counsel advised that defendant did not intend to offer evidence in mitigation. At the request of the State's Attorney, the defendant was sworn and testified in response to the State's Attorney's inquiries. It was determined that defendant was 22 years old and had completed eight grades of formal education. It was also learned that he was separated from his wife and two-year-old child at the time of the commission of the crime. The defendant claimed that at the time of the hearing a reconciliation of the marriage had been effected although he had not supported the child. It was further learned that the defendant had not worked since he dropped out of school. The defendant had no prior felony charges but had had some misdemeanor convictions.

The court then imposed a sentence of not less than 7 nor more than 15 years in the Illinois State Penitentiary System; the sentence recommended by the State and agreed to by the defendant.

The defendant now, after negotiating the plea with the aid of counsel, (there is no contention made and there is no indication from the record that the defendant had other than competent counsel), contends that the sentence is excessive. The defendant citing *People v. Lillie,* 79 Ill. App.2d 174, 223 N.E.2d 716, contends that, based upon the facts and circumstances surrounding the offense coupled with the fact that this is defendant's first conviction of a felony, the minimum sentence is excessive.

The defendant not only negotiated the plea and recommendation of sentence which the court in fact accepted, but also expressly waived a hearing in mitigation. The sentence imposed is within the statutory limits and is neither greatly at variance with the purpose and spirit of the law nor manifestly in excess of the proscriptions of section 11 of Article II of the constitution of Illinois. *People v. Fox,* 48 Ill.2d 239, 269 N.E.2d 720.

The judgment of the trial court is therefore affirmed.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.