THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH WICK, Defendant-Appellant.

(No. 72-20; )

Second District—September 29, 1972.

*Rehearing denied November 9, 1972.*

William G. Rosing, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On April 2, 1969, the defendant herein was granted probation for a period of three years, a condition of the probation being that he spend the first six months in the probation period at the Illinois State Prison Farm at Vandalia. The defendant appealed to this court and the judgment of the trial court was affirmed. (*People v. Wick* (1970), 125 Ill.App.2d 297, 260 N.E.2d 487.) After rehearing was denied by this court, a petition for leave to appeal to the Supreme Court was subsequently denied. The mandate of this court was then issued on January 14, 1971. Pending these appeals the order of the trial court granting probation and imposing confinement apparently was stayed without a formal order to that effect. The court and counsel apparently believed that the filing of an appeal bond automatically stayed the sentence. Supreme Court Rule 609(b) provides in such a case as this, that "the Defendant may be admitted to bail and the sentence or condition of confinement stayed by a Judge of the trial or reviewing court." After the mandate had issued but prior to the apprehension of the defendant, during the period of January 20, 1971, to February 4, 1971, he was alleged to have committed six offenses of deceptive practices in issuing six bad checks.

The record is not clear but it appears that the defendant was taken into

custody on March 8, 1971, and finally committed to the State Farm at Vandalia on May 18, 1971, to serve the six month sentence as a part of his probation.

On July 8, 1971, the State filed a petition for revocation of probation and on August 2, 1971, an amended petition for revocation was filed charging the defendant with various violations of his probation including the six bad checks issued by defendant from January 20, 1971, to February 4, 1971. On September 17, 1971, the trial court found that the defendant had violated his probation, imposed an additional period of six months in the Illinois State Prison Farm at Vandalia, and extended the period of probation for three years from that date.* The sole question before this court is whether or not the trial court in revoking probation of the defendant can consider these violations occurring in that period.

The defendant contends that the offenses considered occurred prior to his being placed on probation, specifically in the period between the affirmance of his original sentence and the carrying out of the same by the trial court. Certainly this is an unusual argument. Carrying the same to its logical extreme, a defendant who appeals a sentence of probation carrying with it a period of confinement would be immune from probation violations during that period. There is, of course, no question but that he could have been prosecuted for the same. While this court recognizes the ingenuity of this argument on the part of defense counsel, we believe that such a construction would not only warp the probation system, but in effect would subvert it to the point of absurdity. In our view the noncommission of criminal offenses subsequent to the grant of probation is so intertwined with the grant of probation that the stay of such probation should not excuse defendant for offenses committed during such stay, or shortly after such a stay, as in the instant case. This interpretation rests upon the premise found in Ill. Rev. Stat. 1969, ch. 38, sec. 117—1(a), which in substance defines the guidelines for admission to probation, in pertinent part:

> "A person who has been found guilty of any offense except a capital offense * * * may be admitted to probation when it appears that: (1) the defendant is not likely to commit another offense."

Defendant has cited *People v. Lillie* (1967), 79 Ill.App.2d 174, 178, 223 N.E.2d 716, as authority, viz,

> "* * * Nor should punishment be here imposed for offenses allegedly committed prior to defendant's being sentenced in 1962, and prior to his being admitted to probation * * *."

---

* Once again the court pending the appeal herein, admitted defendant to bail without a formal order staying the sentence.

In the instant case, defendant was actually admitted to probation on April 2, 1969, but due to his appeals the sentence was not carried out. The trial court found that the defendant did in fact commit the acts charged after probation was granted but not accepted by the defendant. The second period of confinement was not imposed for offenses committed prior to the sentence but was imposed for violations occurring after probation had been granted and delayed by the appeals of the defendant.

Defense counsel argues that defendant should have been notified of the commencement of his probation and candidly contends that if defendant had known he was on probation he would have been less "careless" as "he would have known his activities would be subject to close scrutiny."

We therefore hold that the action of the trial court in considering offenses occurring after probation was granted but delayed due to the appeals was correct. The extension of the period of probation carrying with it an additional period of time of six months in the Illinois State Prison Farm at Vandalia based on these violations was proper.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.