THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SYLVESTER RODDY, Defendant-Appellant.

(No. 71-32; )

Fifth District—December 22, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Feder, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant was convicted of the crime of burglary (Ill. Rev. Stat., ch. 38, par. 19—1), in the Circuit Court of St. Clair County and sentenced to the penitentiary for a term of not less than ten nor more than 30 years.

Defendant contends (1) that he was denied a fair and impartial trial by his cross-examination by the State and by the prosecution's inflammatory argument, and (2) that the sentence under the circumstances is manifestly excessive.

With reference to the first contention, we find that no error of law appears and that a discussion of this contention would have no precedential value.

The only substantial question on this appeal is whether the sentence is excessive.

The defendant, who was 23 years of age at the time of his conviction, was on parole from a prior burglary conviction committed in the year

1967. He had also been convicted of burglary in the year 1966. No violence was present in any of the crimes.

■■ The new Constitution for the State of Illinois has emphasized the two-fold purpose for the imposition of sentence after conviction, to-wit:
> "* * * all penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const., Art. I, Sec. 11.

In *People v. Lillie*, 79 Ill.App.2d 174, 223 N.E.2d 716, this court unanimously recognized that:
> "* * * advances in the fields of psychology, psychiatry and sociology have contributed to a greater understanding of the motives underlying the commission of criminal offenses, and the techniques and methods which are of value in the rehabilitation of offenders."

In reducing the sentence imposed upon that defendant, this court stated:
> "The hope of earlier release is a great incentive to a prisoner to participate in the rehabilitative programs of modern penal institutions. Excessive minimum sentences imposed by the courts may defeat the effectiveness of the parole system by making mandatory the incarceration of a prisoner long after effective rehabilitation has been accomplished."

■■ We do not consider the possibility of rehabilitation in this case so remote as to justify a sentence of ten to 30 years, which as a practical matter leaves little or no room for rehabilitation. Then too, the sentence does not permit an exercise of discretion by the parole authorities at a time when such discretion may contribute most to rehabilitation. We therefore reduce the sentence to a minimum of three years and a maximum of nine years.

Sentence modified and judgment affirmed as modified.

EBERSPACHER and CREBS, JJ., concur.